WILLIAM V. RIEGER, Respondent, v. THE MECHANICS' INSURANCE COMPANY OF PHILADELPHIA, Appellant.

Kansas City Court of Appeals, March 22, 1897.

1. **Insurance**: PLEADING: GENERAL ALLEGATION: PERFORMANCE. The general allegation that plaintiff performed all the conditions on his part includes a special allegation as to making proofs of loss.

2. ———: ——⸺——: ANSWER: ELECTION TO REPAIR. Where the answer sets up as a defense that the defendant elected to repair and so notified the plaintiff, the clear implication is that the plaintiff performed the conditions precedent as to furnishing proofs of loss.

3. ———: ELECTION TO REPAIR: INSTRUCTIONS. Instructions set out in the opinion, submitting the issue of offer to repair and plaintiff's preventing the same, are *held* appropriate expressions of the law applicable to the issues made by the pleading in this case.

4. ———: ———: INSTRUCTION AS TO PROOF OF LOSS: HARMLESS. In this case, where the allegations of the petition as to making proofs of loss are admitted by the answer, an instruction defining the plaintiff's duty as to furnishing proofs of loss and what would amount to a waiver on the part of the defendant, was unnecessary, but could not harm the defendant.

5. ———: ———: OFFER OF COMPROMISE. While defendant had a right to offer to repair and likewise a right to offer $1,200 to compromise, it could not couple the latter with the former.

*Appeal from the Jackson Circuit Court.*—Hon. E. L. Scarritt, Judge.

Affirmed.

*Fyke, Yates & Fyke* for appellant.

(1) Proofs were received by the company on October 5. On October 28, or five days before the sixty days for making proofs expired, the insurer objected to same, "for failure to attach detailed statement of loss, as required by the policy." This was an essential requirement of the policy. No attention was paid to the demand. For this reason the judgment should be reversed. *Hanna v. Ins. Co.*, 36 Mo. App. 538. (2) Instruction number 1, given for plaintiff, is clearly erroneous, because it submits to the jury the question as to whether or not a reasonable time had elapsed after the giving of notice to repair, to December 19, when suit was brought. Plaintiff, by his own laches, prevented the repairs. (3) Instruction number 4, given for plaintiff, is error. It allows the jury to predicate a waiver of defects in proofs of loss, on the unreasonable detention of same, and the appraisal. The objection was made before the sixty days for making them had expired. This was in due time. *Hanna v. Ins. Co.*, 36 Mo. App. 538; *Hicks v. Ins. Co.*, 6 Mo. App. 254. The objection to proofs after the attempt to ascertain and settle the loss, and before the time for making proofs expired, was timely, and no waiver can result from such effort to ascertain the amount of loss. *Noonan v. Ins. Co.*, 21 Mo. 81; *Hanna v. Ins. Co.*, 36 Mo. App. 254. (4) The court erred in refusing to give instructions number 4, 5, and 6, prayed for by defendant. (5) The election to repair converted the policy into a binding contract, and assured could there-

after only sue for the failure of insurer to perform. *Morrell v. Ins. Co.*, 4 Bennett's Fire Cases, 766 (N. Y. Ct. App. 1864); *Beal v. Ins. Co.*, 36 N. Y. 522; *Good v. Ins. Co.*, 43 Ohio, 394; *Wynkoop v. Ins. Co.*, 91 N. Y. 478; *Fire Ass'n v. Rosenthal*, 108 Pa. 474; note 3, Law Rep. An. 170.

*J. C. Rieger* and *C. O. Tichenor* for respondent.

(1) The instructions were more favorable to defendant than they should have been. The only evidence of election was the letter of October 28, which was no election at all—simply an inquiry as to whether plaintiff preferred repairing to a certain sum of money —an inquiry the law gave defendant no right to propound. The question of election was submitted to the jury and defendant's number 2 submitted that it was a proper question for the jury, as also did plaintiff's numbers 1 and 2. (2) A sort of metaphysical question is raised by counsel and for the first time in their brief, viz., as to whether the suit ought to be brought upon the policy or upon a contract to rebuild, based upon the election. There are cases which hold that suit upon the policy is the proper way. *Hawkins v. Ins. Co.*, 5 Gray, 432, at end of opinion; *Ins. Co. v. Garfield*, 60 Ill. 129; *Ins. Co. v. McGooky*, 33 Ohio St. 560; *Morrill v. Ins. Co.*, 33 N. Y. 430. (3) "This court is not authorized to reverse a judgment on account of any error of the trial court which in the result was not prejudicial to the substantial rights of the adverse party on the merits." *Brandon v. Carter*, 119 Mo. 572. Again, how does this court know what the petition contains, as appellant's abstract does not contain it? (4) The only other point discussed by counsel is as to failure to attach detailed statement of loss to the proofs. This ought not to be considered for

Rieger v. Ins. Co.

three reasons: *First*, because it was not set up in the answer as a defense. *Second*, because the proofs are not set out in the abstract of the record so that this court can see what they are. *Third*, because if the proofs were defective the defect was waived. What was said by Smith, P. J., in *Porter v. Insurance Co.*, 62 Mo. App. 529, reads as if it was based upon the facts of this case. It is hardly necessary to refer to any other cases. *Loeb v. Ins. Co.*, 99 Mo. 50; *Gale v. Ins. Co.*, 33 Mo. App. 664.

Smith, P. J.—This is an action on a policy of fire insurance, covering plaintiff's counters, shelving, show cases, etc., etc.

The said policy provided, amongst other things, that "within sixty days after the fire the assured shall render a statement to this company, signed and sworn to by the said insured, stating * * * the cash value of each item thereof and the amount of the loss thereon." The petition is not abstracted, but it is, in effect, conceded that it alleges that the "plaintiff duly performed all the conditions on his part of the policy to be by him done and performed." This general allegation must be construed to include the special allegation that the plaintiff, within sixty days after the fire, rendered a statement to the defendant, signed and sworn to by him, stating the facts required by the provision of the policy already referred to, together with that of the cash value of each item thereof and the amount of the loss thereon.

INSURANCE: pleading: general allegation: performance.

The answer of the defendant is a general denial, to which is subjoined the following allegations: The defendant says that it is provided, among other things, by the terms of said policy of insurance, that any sum for which the company is liable shall be paid

sixty (60) days after due notice, ascertainment, appraisement and satisfactory proofs of such loss had been received by the company, in accordance with the terms of the policy; but that it shall be optional with the company to repair, rebuild, or replace the property destroyed or damaged, with other of like kind and quality, within a reasonable time and upon giving notice of its intention to do so, within thirty (30) days after the receipt of such proofs. "And defendant says, that within such time, to wit, on the twenty-eighth day of October, 1895, notice was given by it to the said plaintiff of the election of the defendant to repair, rebuild, and replace the furniture and fixtures damaged or destroyed by fire, for which this action is brought, with other of like kind and quality, in accordance with the provisions in said policy contained, as it had the right to do under the provisions of the policy sued on, but that plaintiff wrongfully refused to permit the said defendant to so repair, rebuild and replace said property. Wherefore, defendant says, that by reason of such refusal to allow defendant to so repair, rebuild, and replace said property, as agreed by the terms of said policy, plaintiff is not entitled to recover."

It therefore appears from the pleadings that the plaintiff was required by the terms of the policy to make proofs of loss within sixty days after the fire, and that the defendant was not liable to pay the amount thereof until sixty days after the receipt of satisfactory proofs of such loss. It is not disputed that the fire took place on September 3, 1893, so that. if the defendant gave notice on October 28, 1893, of its election to repair "as it had a right to do under the provisions of the policy," it therefore must follow that defendant had previously received the satisfactory proofs of loss

and within the time required by the policy, for else it could not have had, as alleged in its answer, the right to elect to exercise either the option to repair, or to pay the amount of the loss. It could not exercise its option rights until it was in receipt of satisfactory proofs of loss. The right of election of options was accorded defendant by the terms of the policy, when the plaintiff furnished it satisfactory proofs of loss and until so furnished the right did not exist. It inevitably follows that the allegation of the answer to the effect that the defendant gave the plaintiff notice at the time therein stated, of its election to repair, must be construed to be an admission that it had received the satisfactory proof of loss required by the terms of the policy. The clear implication from this allegation of the answer is that the plaintiff performed this condition precedent, prior to the defendant's election to repair. The allegation of the answer relieved the plaintiff of the burden of proving a compliance with the condition of the policy requiring proofs of loss. There was no such issue of fact in the case. The only issue of fact made by the pleadings was as to whether the plaintiff had refused to permit the defendant to repair and replace the property covered by the risk.

The plaintiff's instructions telling the jury: "*First.* The jury are instructed that by the terms of the policy sued on, defendant had the right to repair, rebuild, or replace the property insured, and you are further instructed that, in order to do so, defendant was required to repair, rebuild, or replace said property within a reasonable time after giving notice of its intention so to do, and if you believe from the facts and circumstances in this case, that notice was given as required by the policy, and that a reasonable time for said repairs or rebuilding or replacing had elapsed before December 19, 1893, the

—: election to repair: instructions.

day the plaintiff brought suit, then you will find for plaintiff, unless you further believe from the evidence that defendant was prevented from so doing by the plaintiff. And, *second*, the court instructs the jury that under the pleadings and evidence in this case, it devolves upon the jury to determine from the evidence whether or not the defendant neglected to repair, rebuild, or replace the property insured, and also to determine when, if at all, said defendant so elected to repair, replace or rebuild, and if they find that defendant did not give notice of its intention to replace and repair before suit brought, then your verdict as to this issue will be for plaintiff; and the notice required by the policy must be an unconditional notice of its intention to repair or replace the property damaged or destroyed by fire and embraced within the policy,'' appropriately express the law as applicable to the issues made by the pleadings. And the defendant's first and second, as modified by the court, are in harmony with those given, as already stated, for the plaintiff.

The defendant earnestly insists that the fourth instruction given for the plaintiff, which, in substance, declared that if the defendant received the plaintiff's

—: ——: instruc-
tion as to proof
of loss: harm-
less.

proofs of loss about the first of October, 1893, and retained the same for an unreasonable length of time, taking into consideration all the facts and circumstances in evidence before making objections thereto, and that in the meantime the defendants' adjusters were proceeding to ascertain and settle the loss, and when said proofs of loss were returned, or before the defendant claimed to have exercised its right to repair, then the failure, if any, of plaintiff to attach a detailed statement of loss to its proofs of loss was waived by defendant, was erroneous. As has already been stated, the implied allegation of the petition that plaintiff had made satis-

factory proofs of loss being admitted by the answer, proofs thereof were necessarily dispensed with. The question of waiver of proofs of loss could not, under the pleadings, arise in the case. This was a needless instruction, which should not have been given. The plaintiff was not required to establish a waiver of proofs of loss in order to entitle himself to recover. Whether a waiver was, or was not, proved was of no moment. This instruction, though given at the request of the plaintiff, was prejudicial to him and nonprejudicial to the defendant. How could the defendant be prejudiced by the plaintiff's instruction, which required the jury to find a waiver of the proofs of loss by defendant before there could be a recovery, when the defendant's answer admits the performance of the condition of the policy requiring such proofs? It seems to me the effect of the giving of this instruction was no more than to require the jury to find, as a condition upon which plaintiff was entitled to recover, a fact which was the equivalent to that which was admitted by defendant's answer, and, therefore, the action of the court in giving it was not such error as would justify a reversal of the judgment. The defense pleaded by the answer that the defendant had elected, under the provisions of the policy to repair, amounting, as has already been stated, to an admission that the plaintiff had made the proofs of loss required by the terms of said policy, the notice given plaintiff to amend the proofs of loss was irrelevant to any issue in the case. It does not seem to me that there is any merit in the defendant's answer. It appears from the evidence that after the proofs of loss were received, the defendant had access to the plaintiff's injured property and made a contract with a mechanic to repair and replace the same. It is quite difficult to understand after this why the defendant desired a detailed statement of the loss. Evidently the

defendant was satisfied as to the loss and was sufficiently informed as to its nature and extent to enter into a contract to repair and restore the same.

The defendant had the right, under the policy, to elect to repair, and if the plaintiff refused to permit the repairs to be made, there could be no recovery. The defendant had the right to offer $1,200 in compromise of its conceded liability, but it had no right to couple such offer with that to repair. The one could in no way affect the other. The latter must be regarded as if the former had not been made, or, in other words, the latter must be considered as unconditional.

*—: —: offer of compromise.*

I do not believe the error committed by the court, previously referred to, is such as materially affects the merits and therefore it is the duty of this court, under the statute, to affirm the judgment, Revised Statutes, 2303, which, with the concurrence of the other judges, is ordered.