(Superior Court of Cincinnati—Special Term.)

JULIA RUSSELL v. THE MILWAUKEE MECHANICS' INSURANCE COMPANY et al.

A "rebuilding clause" in a policy of insurance is inconsistent with the provision in section 3643, that the insured, in case of total loss, shall be paid the full amount mentioned in the policy upon which the company has received premiums; and the defense that the insured refused to permit the company to rebuild can not be interposed in a suit for recovery on the policy.

JACKSON, J.

The plaintiff seeks to recover from the defendant, the Milwaukee Mechanics' Insurance Company, the sum of $1,750, with interest from December

1, 1898, upon a policy of fire insurance covering a certain house which was totally destroyed by fire on September 10, 1898. The answer admits the issuance by defendant to plaintiff of the policy of insurance, admits the ownership of the house, and admits that the house was totally destroyed by fire.

It is, however, alleged by way of defense that the policy contained a provision making it optional with the insurance company "to repair, rebuild or replace the property lost or damaged with other of like kind and quality within a reasonable time on giving notice within thirty (30) days of the proof herein required, of its intention so to do;" and that the defendant duly-elected to rebuild within the time allowed, and demanded of plaintiff plans and specifications of the building for the purpose of rebuilding the same pursuant to the provisions of the policy; and "that said plaintiff refused to furnish said plans and specifications, and denied this defendant the right to enter upon and rebuild said premises." It is therefore alleged that the plaintiff has violated his contract.

To this defense the plaintiff has interposed a demurrer, and the question to be determined is, whether the rebuilding clause of the policy is inconsistent with section 3643, R. S. Ohio. Said section 3643 provides as follows: "Any person, company or association hereafter insuring any building or structure against loss or damage by fire or lightning, by a renewal of a policy heretofore issued or otherwise, shall cause such building or structure to be examined by an agent of the insurer, and a full description thereof to be made, and the insurable value thereof to be fixed by such agent, and in the absence of any change increasing the risk without the consent of the insurers, and also of intentional fraud on the part of the insured, in case of total loss, the whole amount mentioned in the policy or renewal, upon which the insurers receive a premium shall be paid, and in case of partial loss the full amount of the partial loss shall be paid."

The validity of a rebuilding clause in a contract of insurance under this section of the statutes has not been construed by our supreme court. But the court has passed upon the statutes with reference to other questions involved, and in so doing, said: "It (the statute, section 3643) moulds the obligation of the contract into conformity with its provisions, and establishes the rule and measure of the insurer's liability. Terms and conditions embraced in the policy inconsistent with the provision of the statute are subordinate to it, and must give way."

The court of civil appeals of Texas, in Ins. Co. v. Levy, 33 S. W. Re., 992, in construing a similar clause in a policy of insurance, with reference to a similar statutory provision, has said that such provision in the policy was inconsistent with the provisions of the statute, and was therefore void. This case is a well considered one, and the reasons there announced for so holding seem to me to be sound.

In the case of Rieger v. Ins. Co., 69 Mo. App., 679, relied upon by counsel for defendant, the court does not refer to the statutory provision in question, and the force and effect of the statute of Missouri does not seem to have been considered.

It seems to m that there is much force in the argument that by the statute it was intended that the insured whose house was destroyed by fire, should receive in money the value of the house as fixed by the agent of the insurance company, upon which amount the insured was paying premiums. This purpose would be defeated by the insurance company building a house for less money than the valued amount stated in the policy. Counsel for defendant in his brief, realizing and admitting the force of this argument, contends that if it cost less to rebuild the house than the amount fixed in the policy, the policy would not be canceled, but that the insurer would still be liable to the extent of the unexhausted portion of the policy for subsequent losses. But if this be true, it necessarily results that the contract of insurance is not changed

into a building contract, pure and simple, by the insurance company electing to rebuild, and that the contract for payment in money is still in force as a part of said contract. In other words, if the insurance company has the option of absolutely fulfilling its obligation by rebuilding, then the insured may receive less in money value than the amount upon which he was paying premiums; and this, I think, is contrary to the manifest purpose of the statute. If on the other hand it be admitted that the obligation is not fully discharged by rebuilding, the house it means that the contract for payment in money is not entirely supplanted by election to rebuild, and that the statute must apply.

It follows that the demurrer to the defense of defendant must be sustained.

A. J. Cunningham, for Plaintiff.
J. H. Cabell, for Defendant.