Merrimack,
No. 4263.

ERVILLE H. SMITH & *a.*

*v.*

FARM BUREAU &c. INSURANCE CO. OF CONCORD.

Submitted December 2, 1953.
Decided December 31, 1953.

*Morse, Hall & Morse* for the plaintiffs.

*Upton, Sanders & Upton* for the defendant.

KENISON, C. J.   The provision in the collision insurance policy which allowed the insurer the option of repairing the automobile in lieu of paying for the cost of the repairs was valid and enforceable. *Dosland* v. *Preferred Risk Mut. Ins. Co.*, 242 Iowa 1220.   While there was no stated time limit within which the repairs were to be effected, it is well settled that the insurer's election to repair must be made within a reasonable time.   Anno. 29 A. L. R. (2d) 720. In this case it is not disputed that the insurer acted within a reasonable time but the central issue is whether the insurer effectively exercised its option to repair by its letter of February 6, 1952, to the insureds.   Since there are no cases in this state on the point, we necessarily turn to decisions in other jurisdictions where the problem has been discussed.

Although the question has not been litigated extensively, the decisions are quite uniform in holding that the insurer's election of its option to repair the automobile cannot be coupled with an offer of compromise or used as a means of forcing a compromise settlement.   *German Ins. Co.* v. *Hazard Bank*, 126 Ky. 730; *Rieger* v. *Mechanics' Ins. Co.*, 69 Mo. App. 674; 6 Appleman, Insurance Law and Practice, s. 4003.   If the insurer is to exercise his option to repair effectively the letter of election must meet the test of being clear, positive, distinct and unambiguous.   *Lincoln* v. *General Cas. Co. of Wisconsin*, (Iowa) 55 N. W. (2d) 321; 6 Blashfield, Cyc. of Automobile Law and Practice, s. 3819 (supp).   The defendant relies on *Home Ins. Co.* v. *Stewart*, 105 Col. 516.   In that case the rule stated above was followed and it was held that the letter of election was clear and unambiguous.   It is distinguishable from the letter of election in this case since it distinctly stated that it was making the election rather than paying the cost of repairs and advised the insured that it would place his car "in as good order and condition as it was prior to his recent accident."   *Id.*, 518.   Neither of these statements appeared in the defendant's letter of February

6, 1952, and the *Stewart* case is therefore not authority for saying that the letter of election in this case manifested an unequivocal choice to repair rather than pay the cost of repairs.

Defendant's letter of February 6, 1952, to the plaintiffs contained statements which would lead reasonable persons in the position of the plaintiffs to believe that they were being offered an alternative compromise based on an estimate of cost stated to be "fair and reasonable." They were informed that the defendant did "not want to have argument in this matter." Since the plaintiffs knew that there was a substantial difference in the estimates, the letter was not calculated to assure them that their car would be substantially restored to its original condition if the cost exceeded the estimate relied on by the defendant were it to be repaired where requested by the defendant.

The defendant's primary undertaking was "to pay for . . . loss of or damage to the automobile" but "only for the amount [thereof] in excess of" twenty per cent; and as provided in the conditions of the policy its liability was not to "exceed . . . what it would . . . cost to repair." The "amount of the loss" had not been fixed by incurrence of the cost of repair, and as the defendant knew, the probable cost of repair was the subject of divergent estimates. Its letter to the plaintiffs was not an election to repair, but an offer to settle for the lower estimate unless the plaintiffs would permit repair in the place of the defendant's choice. While it indicated its belief that it was reasonable to "ask" the plaintiffs to deliver their automobile to Hoagland's for repair it made no unequivocal election to require them to do so, but offered them a "choice" of such repair or a fixed amount of money equivalent to the lower estimate. Taken in full context the letter was not a clear and unequivocal exercise of the option to repair. If it had been the plaintiffs' recovery would have been limited to the lowest sum for which the insurer could have satisfactorily repaired the automobile. 6 Blashfield, Cyc. of Automobile Law and Practice, s. 3791; 6 Appleman, Insurance, *supra*, s. 3883. In accordance with the stipulated facts the plaintiffs are entitled to recover the sum of $598.37.

The defendant contends that the plaintiffs are entitled to interest only from the date of the verdict. R. L., c. 396, s. 1; *Damasiotes* v. *Dumas*, 97 N. H. 402. The Trial Court allowed interest from February 6, 1952. No error is perceived in the

allowance of interest from that date under the rule stated in *White* v. *Schrafft*, 94 N. H. 467, 473.

*Exception overruled.*

All concurred.