Gambale, Appellant, *v.* Allstate Insurance Company.

Argued December 14, 1966. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, Hoffman, and Spaulding, JJ.

*Michael J. Cantwell, Jr.,* for appellant.

*John S. J. Brooks,* for appellee.

OPINION BY WATKINS, J., March 23, 1967:

This is an appeal from the order of the Court of Common Pleas of Delaware County entering judgment in favor of the plaintiff-appellant, Frank Gambale, and against Allstate Insurance Company, in the amount of $355.60 with interest, on a case stated.

The action in assumpsit began before a Justice of the Peace to recover damages to an automobile under a liability insurance policy. Judgment was entered in the amount of $413.20 and costs. On appeal to the Court of Common Pleas, a Board of Arbitration entered judgment for the appellant in the amount of $413.20.

On appeal to the court below the matter was presented on a case stated. The court below entered judgment for the appellant in the sum of $355.60 with interest. Exceptions were argued before the court en banc and dismissed. This appeal followed.

The narrow issue before the court is whether the contract of insurance requires the insurance company to pay more than the lowest acceptable estimate, since the repairs are less than the value of the vehicle.

On December 26, 1963, the appellant's car was damaged in an accident. The stipulation of the parties for the case stated set forth that the appellant procured two estimates for the repair of the damage to the car, one for $455.60 and the other for $513.20; that the policy provided for a $100 deduction; that the difference in the bids was due to a difference in labor costs—one repairman paid mechanics $5 per hour and the other paid $6 per hour; that the parties are in agreement that both repairmen are reputable and would do a proper repair job; that there is no question concerning the quality of the workmanship if done by either;

that each repairman would introduce testimony that $6 per hour and $5 per hour respectively, is fair and reasonable and is the rate charged by a number of other repair shops in the surrounding community; and that the appellee did not advise the appellant that he could have his automobile repaired at the $6 shop.

The applicable portions of the policy contained in the stipulation are as follows:

"PROTECTION AGAINST LOSS TO THE AUTOMOBILE

COVERAGE D—AUTOMOBILE COLLISION INSURANCE:

"Allstate will pay for loss to the owned automobile or non-owned automobile, caused by collision, less the deductible amount stated on the Supplement Page, but the deductible amount shall not be deducted with respect to a collision involving the owned automobile and another automobile insured by Allstate.

"LIMIT OF ALLSTATE'S LIABILITY

"The limit of Allstate's liability is the actual cash value of the property, or if the loss is of a part its actual cash value at the time of loss, but not to exceed what it would then cost to repair or replace the property or part with other of like kind and quality; provided, however, the limit of liability for loss to any trailer is $500.

"It is essential to a case stated that the facts be agreed upon, so that the court may have nothing to do but pronounce the law arising out of them." *Holmes v. Wallace*, 46 Pa. 266, 267 (1863). The court below decided that the appellee "is liable to pay the lowest bid which will put the damaged automobile in the same condition that it was before the accident."

There is little case law in Pennsylvania on the subject. Most of the cases involving damage to personal property turn on the question whether or not the repairs will put the automobile in the same condition that it was before the accident. The case stated provided that the repairs in either shop would do so.

In *Karp v. Fidelity-Phenix F. Ins. Co.*, 134 Pa. Superior Ct. 514, 4 A. 2d 529 (1939), the Court awarded a sum higher than the lowest estimate on the ground that the car could not be restored to its prior condition by the work done under the lowest estimate. But by implication the sum awarded was equivalent to the lowest figure at which the vehicle could be restored to its condition prior to the damage. *Smith v. Farm Bureau Insurance Co.*, 98 N.H. 420, 424, 101 A. 2d 778, 781, holds that the insurance carrier is liable to pay the lowest sum which will properly and completely repair the damaged car. See also: *Home Mutual Ins. Co. of Iowa v. Stewart*, 105 Colo. 516, 100 P. 2d 159 (1940). In *Resolute Insurance Co. v. Mize*, 255 S.W. 2d 682 (1953), the award was not limited to the lowest estimate, where the lowest estimate was from a concern in a distant city in another state.

The language construed in the *Karp* case, supra, is almost identical to the language in the contract in this case. In the instant case the car can be put in as good condition as it was before the accident by the expenditure of $455.60 so that the sum of $513.20 would, as set forth in the *Karp* case, supra, "exceed what it would then cost to repair or replace the property or part with other of like kind and quality" and would go beyond the terms of the contract which the parties themselves had agreed upon.

A provision of this nature, declaring that the insurer's liability shall not exceed the cost of repair or replacement, will be construed as a limitation of the insured's liability and the test or measure of damages which the insured is entitled to recover. 6 Blashfield Cyc. of Automobile Law and Practice, §3791. A person whose property is endangered or injured ordinarily must use reasonable care to mitigate the damages. 25 C.J.S. Damages §35.

Judgment affirmed.