Argued April 30; affirmed July 1, 1941

## DUNMIRE MOTOR CO. *v.* OREGON MUTUAL FIRE INSURANCE CO.

(114 P. (2d) 1005)

Before Kelly, Chief Justice, and Belt, Bailey, Lusk and Rossman, Associate Justices.

*R. C. Bradshaw*, of Portland (Joseph, Veatch & Bradshaw, of Portland, on the brief), for appellant.

*A. G. Beattie*, of Oregon City (Schuebel & Beattie, of Oregon City, on the brief), for respondent.

BAILEY, J. This action was brought by Dunmire Motor Co. as assignee to recover from Oregon Mutual Fire Insurance Company for damage to an automobile caused by a collision. From a judgment in favor of the plaintiff the defendant appeals.

In April, 1938, the defendant issued to William Allen White, plaintiff's assignor, a policy of insurance against collision or upset, on a Hupmobile car which was being purchased by White from Buxton Motor Company on a contract of conditional sale. This policy was for a term of one year. The damage for which recovery is sought in this case was caused to a Packard automobile being purchased by White from the plaintiff on a contract of conditional sale.

The plaintiff bases its right of recovery against the defendant on the following provisions contained in the policy of insurance issued on the Hupmobile car:

"Automatic Coverage

"A. Such insurance as is afforded by this policy to each and every automobile covered thereunder and owned by the assured shall also apply during the policy period to any other automobile (excluding dealer's automobiles, automobiles insured under a finance plan and automobiles insured at a fleet rate), ownership of which is acquired by the assured as of the date of delivery to him during the policy period, subject to

all the terms of the policy and subject also to the following conditions: (1) If the company covers all automobiles owned by the assured at the date of such delivery, the insurance shall be applicable to such other automobile if used for pleasure purposes or in the disclosed business of the assured; * * * and (5) This agreement shall not apply (a) with respect to any loss against which the assured has other insurance nor unless (b) the assured notifies the company within ten days following the date of delivery of such other automobile and (c) pays any additional premium required because of the application of this insurance to such other automobile. * * *''

White retained the Hupmobile until sometime in November, 1938, when it was repossessed by Buxton Motor Company.

On October 18, 1938, White purchased the Packard automobile above mentioned. On that day he notified the local agents of the defendant insurance company of his purchase and requested that they issue to him a policy of insurance on the Packard against collision or upset. The Packard automobile was involved in a collision on October 27, 1938, which caused extensive damage to it. White immediately, and within ten days of the delivery of the Packard to him, notified the insurance company of the damage and filed proof of claim with the company's agents. In addition, he offered to pay whatever additional premium might be required because of the automatic coverage of the Packard car. The company's agents made an investigation of the damage to the automobile, and thereafter the company denied all liability.

In the original complaint herein the plaintiff set forth its claim in two separate causes of action for the same recovery. The first cause of action was based on

the automatic coverage provision in the policy above described. The second cause was based on the theory that White's notification to the defendant on the day of his purchase of the Packard and the assent of the defendant's agents to his request that the Packard be protected by insurance against collision or upset amounted to a contract of insurance.

The defendant moved to strike the first cause of action, on the ground that the allegations therein "are inconsistent with and repugnant to the allegations of the plaintiff's second cause of action, and that the allegations of the second cause of action preclude a recovery under the facts set forth in the first cause of action." This motion was granted, in an order which recited that the court "concludes that the allegations of plaintiff's second cause of action are inconsistent with the allegations set forth in plaintiff's first cause of action, and that the allegations of the second cause of action, being upon a contract of insurance, which allegations are inconsistent with the theory of automatic coverage set forth in plaintiff's first cause of action, the said first cause of action should be stricken from the complaint".

In the order striking the first cause of action from the files the court gave permission to the plaintiff to file an amended complaint. The plaintiff thereafter filed an amended complaint, containing a single cause of action almost identical in allegation with the first cause of action set forth in the original complaint and similarly based on the automatic coverage provision of the insurance policy.

The defendant thereupon moved to strike the amended complaint from the files, for the reason "that the matters set forth and alleged in plaintiff's com-

plaint have heretofore been stricken from the original complaint on file herein, and that the allegations set forth in said amended complaint are not an amendment to the allegations left in the original complaint.'' The motion was denied, and this ruling of the trial court forms the basis of the appellant's first assignment of error.

■ It is the general rule that a pleading that is but a repetition of a former one to which a demurrer has been sustained or which has been stricken out may be regarded as frivolous and upon motion may be stricken by the court: *Eastham v. The Telegram Publishing Company*, 119 Or. 211, 248 P. 851. In the instant case, the first cause of action in the original complaint was stricken out for the reason that the allegations therein contained were inconsistent with the allegations of the second cause of action. Under the first cause of action the plaintiff was not entitled to recover for damage to the Packard automobile by reason of the automatic coverage provision of the insurance policy issued on the Hupmobile, if White had other insurance on the Packard. The second cause of action was based on what the plaintiff conceived as other insurance covering the Packard automobile.

■ When the amended complaint was filed, containing only the first cause of action set forth in the original complaint, there were eliminated from the complaint all allegations which negatived the right of the plaintiff to recover under the automatic coverage provision. This disposed of the inconsistency which had prompted the trial court to grant the defendant's motion to strike the first cause of action from the original complaint. The motion to strike the amended complaint was properly denied.

The trial court found that there was no insurance on the Packard automobile against collision or upset, other than that provided automatically by the policy above described. The sufficiency of the evidence to support the findings of the trial court is not here questioned. In any event, the liability of the defendant corporation would not have been lessened, had the negotiations carried on between the defendant's agents and White amounted to a new contract of insurance. The only question then would have been on which contract to bring action.

The appellant's second assignment of error is based on the refusal of the court to grant its motion for an involuntary nonsuit. It contends that White was not the sole and unconditional owner of the Hupmobile at the time the damage was caused to the Packard car, because he was in default in his monthly payments on the contract under which he was purchasing the Hupmobile.

The policy of insurance issued on the Hupmobile provided that, ''Except as to any lien, mortgage, or other encumbrance specifically set forth and described in paragraph G of this policy, this entire policy shall be void, unless otherwise provided by agreement in writing added hereto, if the interest of the assured in the subject of this insurance be or become other than unconditional and sole lawful ownership''. The appellant concedes that a purchaser under a contract of conditional sale is the unconditional and sole owner of the automobile within the meaning of the foregoing provision of the insurance policy, as long as he is not in default in payments due on such contract.

■ It is contended by the appellant, however, that White was in default in one or more of the installment

payments of the purchase price of the Hupmobile at the time the Packard car was damaged, and that therefore he had ceased to be the sole and unconditional owner of the Hupmobile prior to the date of damage to the Packard. The contract of conditional sale under which the Hupmobile was being purchased by White was not introduced in evidence. White testified, however, that the provisions contained in it were the same as those of the contract under which he was purchasing the Packard, which latter contract was admitted in evidence. By the provisions of that contract the vendor was given various options in the event of the vendee's failure to comply with any terms of the contract, one of which was to declare the entire purchase price due and payable. It was not until after the Packard automobile was damaged that the dealer selling the Hupmobile to White exercised any of the options reserved in its contract of sale. Until the dealer took some such action, White's ownership of the Hupmobile was not altered. It would be a dangerous doctrine to hold that the mere failure or delay to pay an installment of the purchase price would void the insurance policy.

■ There is a further reason why the appellant's motion for a nonsuit should have been denied. Paragraph VI of the amended complaint alleged that the "said insurance policy was written to expire on April 29, 1939, and was at all times herein mentioned in full force and effect." This allegation was admitted in the defendant's answer. The defendant further alleged in its answer that White was purchasing the Hupmobile under a contract of conditional sale, but nowhere in that pleading is it alleged that White was in default in any of his payments on such contract.

It is urged by the appellant that the automatic coverage provision of the insurance policy on the Hupmobile "was not applicable to the Packard car, in that the said W. Allen White had insured only one automobile, to wit, the Hupmobile, and that said automatic coverage would only come into play under such circumstances as and when the Packard automobile was a replacement of the Hupmobile automobile."

■ We note that the insurance afforded by the policy to "each and every automobile covered thereunder and owned by the assured" was also to apply "during the policy period to *any other automobile* which is acquired by the assured" during the term of the policy, subject to certain conditions, one of which reads thus: "If the company covers all automobiles owned by the assured at the date of such delivery, the insurance shall be applicable to such other automobile". The appellant contends that in order for the assured to have the benefit of the automatic coverage provision he must, under the condition just quoted, be the owner of more than one automobile and all his automobiles must be insured by the defendant, and that since White owned only one automobile at the time he acquired the Packard, the automatic coverage did not extend to the Packard car.

■ It is our opinion that, taking the automatic coverage provision in its entirety, it was intended to apply to any other automobile acquired by the assured who owned one or more automobiles, provided that all the automobiles, whether one or more, then owned by him were insured by the defendant corporation. This construction is made obvious also when we consider the quoted clause in connection with another condition of the automatic coverage provision, to the effect that

if all the automobiles owned by the assured are not covered by insurance in the defendant company, the automatic coverage does not apply except to an automobile that replaces one insured by the defendant.

There was evidence, and the court found, that the reasonable value of the Packard car immediately before the accident in which it was damaged was $1,313.75, and that after the accident the car was worth not to exceed $300. The court subtracted from the difference between these amounts the $25 deductible under the terms of the policy, and the further sum of $67.10 tendered by the plaintiff as additional premium due because of the extension of the policy in question to the Packard automobile, and entered judgment in favor of the plaintiff for $921.65.

The appellant asserts that the measure of damages which the plaintiff is entitled to recover, if any, should be the amount expended for repairs. The charge made to the plaintiff by the company which did the repairing was $591.45 and would have been $685.25 except for a special discount allowed the plaintiff. There was testimony to the effect that the car after being repaired was not worth so much as before the accident. The defendant objected to the introduction of any testimony to show the value of the car after it was repaired.

■ The policy limits the liability of the insurance company to "what it would then cost to repair or replace the automobile, or parts thereof, with other of like kind and quality". In *Rossier v. Union Automobile Insurance Co.*, 134 Or. 211, 291 P. 498, this court had under consideration a provision in a policy which limited the insurance company's liability "to the actual cost of replacement of the property damaged or destroyed". It was held in that case that the insured was entitled to

recover the difference in value of the car before and after a collision. In that connection the court said:

" 'Replacement' as thus used means, in our opinion, the restoration of the property to its condition prior to the injury. Such restoration may or may not be accomplished by repair or replacement of broken or damaged parts. It can not be said that there has been a complete restoration of the property unless it can be said that there has been no diminution of value after repair of the car. Courts have differed in their construction of similar limitation clauses and will probably continue to do so, so long as policies are couched in language tending towards uncertainty and confusion."

One of the authorities cited in support of the conclusion therein reached is *Stoops v. First American Fire Insurance Co.*, 160 Tenn. 239, 22 S. W. (2d) 1038. In that case the policy of insurance contained language identical with that employed in the policy here before us, in relation to the liability of the insurer in the event of damage to the automobile. The court held that the clause was ambiguous and required construction. It further held that the recovery by the assured was not limited to the cost of repairs and replacements, unless such repairs and replacements restored the automobile to as good condition as it was in before it was damaged. To like effect, construing a similar provision, are the cases of *Ciresi v. Globe & Rutgers Fire Insurance Co.*, 187 Minn. 145, 244 N. W. 688, and *American Indemnity Company v. Jamison*, (Tex. Civ. App.) 62 S. W. (2d) 197. See also, *Standard Accident Insurance Company v. Richmond*, (Tex. Civ. App.) 297 S. W. 879.

■ In the case at bar the circuit court did not err in not limiting the plaintiff's recovery to the cost of re-pairing the damaged automobile.

The two remaining assignments of error are of minor importance, involving questions of fact which were decided adversely to the appellant's contention. There was sufficient evidence to support the findings of the trial court in respect to the matters covered by those two assignments.

■ We find no error in the judgment appealed from, and it is affirmed. The respondent requests the allowance of $200 as additional attorneys' fees in this court. We believe that amount is reasonable, and it is therefore allowed.

BELT, J., did not participate in this decision.