## HOME MUT. INS. CO. OF IOWA v. ROSE.

No. 13038.

Circuit Court of Appeals, Eighth Circuit.

July 5, 1945.

John L. Barton, of Omaha, Neb., and Walter D. James, of Lincoln, Neb. (Raymond M. Crossman and Ralph West, both of Omaha, Neb., on the brief), for appellant.

Wymer Dressler, of Omaha, Neb. (Robert D. Neely and J. J. Friedman, both of Omaha, Neb., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

The plaintiff in this action was injured on August 31, 1938, in a collision near Haight, on Highway 34, in Nebraska, between the truck in which he was riding and another driven by one Victor Wascher, and brought suit for damages in the Nebraska state court against Wascher and his employer, Gerald M. Gisi of Yuma, Colorado, and one Carter, another employee. He obtained judgment against the three defendants in the trial court for $6,000, but on appeal to the Nebraska supreme court the judgment was affirmed as to Wascher only, and was reversed and the action dismissed as to Gisi and Carter. Rose v. Gisi, 139 Neb. 593, 298 N.W. 333. Thereafter being unable to collect the judgment, the plaintiff garnished and then brought this action against the insurance company to recover the amount of the judgment for which he claimed the insurance company was liable to him under automobile policies issued by the company to Wascher's employer. There was diversity of citizenship and the issuance of policies by defendant, and the terms thereof were not in dispute. The company defended on the ground (among others) that it had not insured against the accident in which plaintiff was injured in that its insurance on the truck which collided with plaintiff was limited to operations of that truck within the state of Colorado and was null and void when the truck was operated in Nebraska. The trial court held upon the facts found that the insurance extended to the operations of the truck in the state of Nebraska and awarded judgment for $5,000, the limit of the insurance, together with interest and a $500 attorney's fee and costs. The insurance company appeals.

It appears that Gisi was engaged in two businesses at Yuma, and had in all three trucks in commercial use, each of which was insured under a separate policy issued to him by the defendant, the insurance extending to any person using the automobile with the permission of the named insured, as plaintiff claimed Wascher was doing at the time of the accident.

One of said trucks, a 1936 Chevrolet 1½-ton truck, motor number 6,154,676, was insured under policy #433348, which contained provisions limiting the operations insured against to those within the state of Colorado except that upon notice to the insurance company and the payment of $3 in advance, a special trip was permitted in certain areas outside Colorado, including the area in Nebraska where the accident occurred.

On or about August 12, 1938, Gisi transferred the Chevrolet truck to the International Harvester Company, and at the same time acquired from it an International 1½ ton truck, and on the next day caused the Colorado license number theretofore issued to him on the Chevrolet to be transferred on the County Clerk's records to the International. On the day of the trade-in the Sidles Insurance Agency of Denver, Colorado, wrote to the home office of the insurance company at Des Moines, requesting that the insurance on the 1936 Chevrolet, motor number 6,154,676, be transferred to the 1938 International 1½ ton truck, but manifestly through error the number of the policy covering the Chevrolet was referred to in the letter as #433448 instead of #433348, which was the right policy number shown by the car motor number correctly set forth in the letter. The Company attempted to comply with the request and did not discover and correct the mistake until after the accident on September 3, 1938, when a rider was attached to the

Chevrolet policy making the policy cover the International truck. It was shown that the premium on the Chevrolet policy covering operation exclusively within Colorado was $57.40, and the premium for a policy covering operation both in Colorado and Nebraska would have been $77.50, but there was no' suggestion about payment of additional premium or for broader insurance on the International at any time. The truck involved in the collision was the International truck and no notice had been given the insurance company or payment of $3 made in advance to permit its operation in Nebraska. The operation of it in that state therefore, although it was within the area where operation would have been insured against on notice and advance payment of $3, was an operation which the company had not insured against by the policy on the Chevrolet truck transferred to the International truck. The plaintiff makes no claim that the policy provisions limiting the insurance to operations in Colorado were not in all respects valid, and if they were applicable to the insurance on the International truck, they preclude any recovery by the plaintiff.

But, as stated, the company also insured under a separate policy as to each, two other trucks used commercially by Gisi, one being a 1937 Dodge 1½ ton truck insured under the company's policy #433194. The Dodge policy was issued for a premium of $77.50 and insured against operations of the Dodge truck in Colorado and also operations of it up to fifty miles into Nebraska, and the plaintiff contends that the broader and costlier insurance on the Dodge truck should be applied to the newly acquired International truck upon interpretation and application of the provision which is included in each of the three policies issued by the company, headed "Automatic Insurance for Newly Acquired Automobiles." [1] The plaintiff points to the part of the automatic clause, "If the insured who is the owner of the automobile acquires ownership of another automobile such insurance as is afforded by this policy applies also to such other automobile as of the date of its delivery to him," and to the condition (1) "If the company insures all automobiles owned by the named insured at the date of such delivery, insurance applies to such other automobile * * * but only to the extent applicable to all such previously owned automobiles," and argues that they connect together the Dodge policy and the Chevrolet policy so that the contract of insurance as to the newly acquired International truck was evidenced by both of those policies which ought to be construed together as one contract. When it is attempted to so construe them as one contract, it is apparent that as one policy prohibits and the other permits operation of the truck in Nebraska, there would be direct conflict of provisions, and it is said the provisions most favorable to the insured should be applied.

█ But we think such construction is

---

[1] The inclusion of the provision in automobile policies like those before us, appears to have become standardized. It reads:

"IV. Automatic Insurance for Newly Acquired Automobiles. If the named Insured who is the owner of the automobile acquires ownership of another automobile, such insurance as is afforded by this Policy applies also to such other automobile as of the date of its delivery to him, subject to the following additional conditions: (1) If the Company insures all automobiles owned by the named Insured at the date of such delivery, insurance applies to such other automobile, if it is used for pleasure purposes or in the business of the named Insured as expressed in the Declarations, but only to the extent applicable to all such previously owned automobiles; (2) if the Company does not insure all automobiles owned by the named Insured at the date of such delivery, insurance applies to such other automobile, if it replaces an automobile described in this Policy and may be classified for the purpose of use stated in this Policy, but only to the extent applicable to the replaced automobile; (3) the insurance afforded by this Policy automatically terminates upon the replaced automobile at the date of such delivery; and (4) this agreement does not apply (a) to any loss against which the named Insured has other valid and collectible insurance, nor (b) unless the named Insured notifies the Company within ten days following the date of delivery of such other automobile, nor (c) except during the Policy period, but if the date of delivery of such other automobile is prior to the effective date of this Policy the insurance applies as of the effective date of this Policy, nor (d) unless the named Insured pays any additional premium required because of the application of this insurance to such other automobile."

not in accord with the plain intendment of the automatic insurance clause here applicable.

The automatic insurance clause in standard policy forms is intended to meet the necessity for maintaining continuous insurance on cars in the presence of the recognized custom among insured owners of acquiring other cars by replacements and new purchases during the life of their policies, and is intended to be and is worded so as to afford proper insurance protection to such insured and at the same time to preserve the essentials of insurance for the insurer. As the standard form of automobile policies is adapted for one use as a blanket policy insuring all the insured's cars, as well as for the other use in insuring a particular car, the wording of the automatic clause clearly discloses that it is intended to operate differently in respect to newly acquired cars in at least those two different situations.

The use in the "conditions" of the clause of the alternatives "if the company insures all automobiles owned by the insured," and "if the company does not insure all automobiles owned by the insured," appropriately distinguishes between the blanket insurance which the company may be granting in the policy form and nonblanket or individual car insurance for which the form is equally adapted. The insurance contract evidenced by the policy in which the clause appears is complete in itself, and the situation in which the insuring of all insured's cars may be shown to have resulted from adding together other distinct and complete policy contracts is not within the purview of the clause.

The company did not insure "all automobiles owned by the named insured" in any of the Gisi policies and the "condition" of the Automatic Insurance Clause in the policy on the Chevrolet truck which came into operation when Gisi traded in the Chevrolet on the International and requested the transfer of the insurance from the Chevrolet to the International was Condition (2), which reads: "if the Company does not insure all automobiles owned by the named insured * * * insurance applies to such other automobile if it replaces an automobile described in this policy and may be classified for the purpose of use stated in this policy, but only to the extent applicable to the replaced automobile;"

The request made to the Company immediately upon completion of the trade-in of the Chevrolet on the International that the insurance on the Chevrolet be transferred to the International without any reference to additional premium or coverage and the immediate action of the Company attempting to accede to that request, clearly show that such was the understanding of the parties at all times before the accident.[2]

The Automatic Insurance Clause has been frequently before the courts, but we are cited to no cases in Iowa or Colorado, where Gisi's policies were executed and delivered, touching on the particular question raised here. But it is noted that in Maryland Casualty Co. v. Toney, 178 Va. 196, 16 S.E.2d 340, and in Ætna Casualty & Surety Co. v. Chapman, 240 Ala. 599, 200 So. 425, the courts of Virginia and Alabama found the meaning and intent of the clause to be as we have applied it.

▇ Although courts may resolve ambiguities in insurance contracts in favor of insureds, the duty remains to ascertain and apply the true intention of the parties. In this case it is clear from the conduct of the parties and the writings that Gisi did not intend to buy or pay for, and the Company did not agree or intend to grant any insurance on the International truck before the accident other than had been bought and paid for and put in effect on the Chevrolet.

Several questions are ably discussed in the briefs, but as we think it clear that the insurance on the International truck which replaced the Chevrolet truck did not cover the operation of the International truck in Nebraska, the plaintiff was not entitled to recovery.

Reversed with direction to dismiss.

---

[2] The plaintiff's attempt to put a meaning on the Automatic Insurance Clause which would make the clause unfit for the beneficial use that is made of it in nonblanket policies and would leave the court to make up a wholly unintended insurance contract out of conflicting provisions in such policies, also runs into another difficulty in Condition (1)—"if the company insures all automobiles * * * insurance applies to such other [newly acquired] automobile * * * but only to the extent applicable to all such previously owned automobiles." Here the only territory unconditionally open to all previous owned automobiles under the policy applicable to each was Colorado.