## Hardt v. Travelers Fire Insurance Co.

*Laucks & Laucks*, for plaintiff.

*Kain, Kain & Kain*, for defendant.

SHERWOOD, P. J., March 14, 1955.—This matter is before the court on preliminary objections in the nature of a demurrer filed by defendant to plaintiff's complaint.

On October 20, 1953, plaintiff was the owner of a 1952 DeSoto sedan which was the subject of a contract

of insurance entered into between plaintiff and defendant on said date, said contract to be effective for a period of one year. On or about April 16, 1954, plaintiff purchased a 1954 Chrysler sedan and traded in his 1952 DeSoto sedan. Immediately thereafter, plaintiff learned that he could repurchase the 1952 DeSoto at a reasonable figure, and he did so. On or about April 24, 1954, the 1952 DeSoto sedan was completely destroyed by fire which consumed the garage where the car was stored. Plaintiff claims that the insurance policy issued October 20, 1953, by its terms, obliges defendant to compensate him for his loss. Defendant takes the position that the terms of the policy preclude plaintiff from stating a cause of action upon which relief can be granted.

Does the insurance policy in question provide such coverage that the refusal of defendant to compensate plaintiff for his loss would constitute a breach of contract? More specifically, was the 1952 DeSoto, as reacquired by plaintiff, a "newly acquired automobile" within the meaning of paragraph IV(a)(4) of the insurance agreement entered into by plaintiff and defendant?

The preliminary objections of defendant concern the proper interpretation of paragraph IV(a)(4) of the insuring agreements, frequently termed "automatic coverage provisions". To ascertain the true intent of the parties, to perceive the clear meaning of this provision, we must consider the paragraph in its entirety:

"IV. Automobile Defined, Trailers, Two or More Automobiles.

"(a) Automobile. Except where stated to the contrary, the word 'automobile' means:

"(4) Newly Acquired Automobile—an automobile, ownership of which is acquired by the named insured who is the owner of the described automobile, if the

named insured notifies the company within thirty days following the date of its delivery to him, and if either it replaces an automobile described in this policy or the company insured all automobiles owned by the named insured at such delivery date; but the insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured has other valid and collectible insurance. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."

Let us examine the paragraph in defendant's preliminary objection in the nature of a demurrer. In paragraph 1, defendant states that the 1952 DeSoto sedan was not an "automobile" as defined in the aforementioned policy. Presumably the following paragraphs give reasons for this allegation. Paragraphs (2) through (5) are statements of facts, paragraph (6) denies insurance coverage and paragraph (7) quotes the policy in question, specifically that portion defining "newly acquired automobile". Paragraphs (8) through (10) purport to show why the 1952 DeSoto sedan was not covered by the insuring agreement in question. Plaintiff admits that the 1952 DeSoto sedan, under the facts stated, did not "replace an automobile" described in the policy. However, defendant, in its contract of insurance, did agree to insure "a newly acquired automobile" if "the company insures all automobiles owned by the named insured at such delivery date". Defendant asserts: "No such coverage is contained in said insurance policy No. MV 2792115. . . ." Defendant does not further explain this statement and apparently expects the court to accept such assertion as settled law.

Among the few cases dealing with automatic coverage provisions, that of Dunmire Motor Co. v. Oregon Mutual Fire Ins. Co., 166 Ore. 690, 114 P. 2d 1005,

resembles this case both on the facts and the wording of the insurance policy involved. In the Dunmire case, one William Allen White owned a Hupmobile, insured by defendant. Subsequently he purchased a Packard and became involved in an accident with the Packard at a time when he retained ownership of the Hupmobile. Defendant refused to pay damages, claiming that the Packard was excluded under the automobile coverage by reason that it did not replace the Hupmobile. The automobile coverage provision of that insurance agreement was substantially the same as in the case at hand:

"Automatic Coverage"

"A. Such insurance as is afforded by this policy to each and every automobile covered thereunder and owned by the assured shall also apply during the policy period to any other automobile (excluding dealer's automobiles, automobiles insured under a finance plan and automobiles insured at a fleet rate), ownership of which is acquired by the assured as of the date of delivery to him during the policy period, subject to all the terms of the policy and subject also to the following conditions: (1) If the company covers all automobiles owned by the assured at the date of such delivery, the insurance shall be applicable to such other automobile if used for pleasure purposes or in the disclosed business of the assured; . . . and (5) This agreement shall not apply (a) with respect to any loss against which the assured has other insurance nor unless (b) the assured notifies the company within ten days following the date of delivery of such other automobile and (c) pays an additional premium required because of the application of this insurance to such other automobile. . . ."

The court, in denying defendant's claim, reasoned as follows:

"It is urged by the appellant that the automatic

coverage provision of the insurance policy on the Hup-mobile 'was not applicable to the Packard car, in that the said W. Allen White had insured only one auto-mobile, to wit, the Hupmobile, and that said auto-matic coverage would only come into play under such circumstances as and when the Packard automobile was a replacement of the Hupmobile automobile'.

"We note that the insurance afforded by the policy to 'each and every automobile covered thereunder and owned by the assured' was also to apply 'during the policy period to *any other automobile* which is ac-quired by the assured' during the term of the policy, subject to certain conditions, one of which reads thus: 'If the company covers all automobiles owned by the assured at the date of such delivery, the insurance shall be applicable to such other automobile.' The appellant contends that in order for the assured to have the benefit of the automatic coverage provision he must, under the condition just quoted, be the owner of more than one automobile and all his automobiles must be insured by the defendant, and that since White owned only one automobile at the time he ac-quired the Packard, the automatic coverage did not extend to the Packard car.

"It is our opinion that, taking the automatic cover-age provision in its entirety, it was intended to apply to any other automobile acquired by the assured who owned one or more automobiles, provided that all the automobiles, whether one or more then owned by him were insured by the defendant corporation. This construction is made obvious also when we consider the quoted clause in connection with another condition of the automatic coverage provision, to the effect that if all the automobiles owned by the assured are not covered by insurance in the defendant company, the automatic coverage does not apply except to an auto-mobile that replaces one insured by the defendant."

We note the similarity of the quoted provision to the provision herein considered. The decision was arrived at by consideration of the meaning of the various parts of the automatic coverage principle, and not by application of any local Oregon principles of law. Also, as the Oregon court points out, we note especially the latter portion of this provision (which defendant significantly fails to mention in his question of the policy) : "but the insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured has other valid and collectible insurance".

Under the interpretation urged by defendant, the latter clause would be completely meaningless. The true meaning, however, is clear upon a reading of the paragraph in its entirety. No extraneous evidence is needed for its clear interpretation. This paragraph states in essence that the insurer extends the coverage afforded under the policy to a newly acquired automobile of the insured, unless the insured has other insurance on any of his automobiles (and subject, of course, to proper notification, which is not in issue here).

For the construction and interpretation of the automatic insurance clause in other jurisdictions, see 34 A. L. R. 2d, page 938.

No other questions being raised at the argument, we conclude that plaintiff has stated a cause of action and that the preliminary objections filed by defendant in the nature of a demurrer must be dismissed.

And now, to wit, March 14, 1955, at 10 a.m., it is ordered, adjudged and decreed that the preliminary objections in the nature of a demurrer filed by defendant are dismissed and defendant is granted 30 days to file an answer on the merits, if it so desires. Exception is granted to defendant to the action of the court in this regard.