Marie ADAMS, Plaintiff and Respondent,

v.

Leonard BARTEL, Defendant and Third-Party Plaintiff,

and

WESTERN CASUALTY & SURETY COMPANY, Third-Party Defendant and Appellant.

Frank ADAMS, Plaintiff and Respondent,

v.

Leonard BARTEL, Defendant and Third-Party Plaintiff,

and

WESTERN CASUALTY & SURETY COMPANY, Third-Party Defendant and Appellant.

Nos. 8148, 8149.

Supreme Court of North Dakota.

Aug. 3, 1964.

Foughty & Christianson, Devils Lake, for plaintiffs and respondents.

Dale Jensen, Asst. Atty. Gen., Bismarck, for Unsatisfied Judgment Fund.

Duffy & Haugland, Devils Lake, for third-party defendant and appellant.

ADAM GEFREH, District Judge.

The Third Party Defendant, Western Casualty & Surety Company, is appealing from judgments awarded to the Plaintiffs against the Defendant Leonard Bartel and against the Third Party Defendant Western Casualty and Surety Company for personal injuries sustained by the Plaintiffs in an automobile accident.

The facts insofar as they are pertinent to this appeal may be summarized as follows: The plaintiffs had commenced separate actions against the defendant Leonard Bartel and thereafter the defendant under third party practice brought in the Western Casualty and Surety Company as a third party defendant. The actions were consolidated for trial and were tried to the Court without a jury.

The defendant Leonard Bartel was the owner of a 1957 Rambler Station Wagon automobile on which he carried liability insurance under a policy issued by the third party defendant. Subsequent to the issuance of the insurance policy, and while the policy was in force, the defendant Leonard Bartel acquired an additional automobile, a 1953 Dodge. Thirty-two days after acquisition of the 1953 Dodge, defendant Bartel, while driving the 1953 Dodge, was involved in the collision out of which these actions have arisen.

After the commencement of the actions, the third party defendant was notified and requested to defend the actions. The third party defendant denied liability and refused to defend the actions on behalf of the defendant, and thereafter the defendant instituted the third party proceedings.

The trial court found in favor of the plaintiffs against the defendant Leonard Bartel, and also found in favor of the defendant and third party plaintiff on the issue of insurance coverage.

Two questions are involved in this appeal: First, is the third party defendant liable in this action; second, was the judgment entered in favor of the plaintiff Marie Adams excessive.

The insurance policy on the 1957 Rambler under which the defendant and third party plaintiff claim liability coverage is also extended to the 1953 Dodge which was acquired subsequent to the issuance of the policy, contains the following provision:

Paragraph IV(a) (4):

"NEWLY ACQUIRED AUTOMOBILE—an automobile, ownership of which is acquired by the named insured or his spouse, if (i) it replaces an automobile owned by either and covered by this policy but only to the extent the insurance is applicable to the replaced automobile, or the company insures all automobiles owned by the named insured and spouse on the date of its delivery but only for those coverages which are applicable to all such previously owned automobiles and (ii) the named insured or spouse notifies the company within sixty days following such delivery; but such notice is not required under coverages A, B and division 1 of coverage C if the newly acquired automobile replaces an owned automobile covered by this policy. * * *"

The third party defendant contends that it is not liable in this action for two reasons: First, the defendant did not have all his automobiles insured with the third party defendant at the time the policy was issued as required under Paragraph IV(a) (4) of the policy; and second, the phrase "the company insures all automobiles owned by the named insured and spouse" refers to blanket or fleet coverage and is not applicable in the case where only one automobile was owned by the insured at the time the policy was issued.

As to the first question, the appellant contends that the testimony shows that Leonard Bartel had acquired a one-half interest in a 1947 Dodge panel truck which was used in connection with a chicken raising deal in partnership with one Goodwin Larson during the year 1959. The title to this truck was registered in the name of Goodwin Larson. Larson and Bartel sold out this chicken business in the fall of 1959. Larson continued to hold the title to this truck. The trial court found and concluded that Bartel had no interest in the 1947 Dodge panel truck. A review of the testimony on this point indicates that the testimony is conflicting.

▮▮▮ This court has held many times that the trial court's findings are entitled to appreciable weight. Nicholson v. Nicholson, N. D., 126 N.W.2d 904; Campbell v. Beaton, N. D., 117 N.W.2d 849; and Miller v. South Bend School District, N. D., 124 N.W.2d 475. The evidence in this case has been carefully examined and we agree with the trial court's finding on this point.

The second question raised by the appellant involves an interpretation of the so called "automatic insurance" clause, being Paragraph IV(a) (4) of the policy in question.

The appellant argues that the clause in the policy "or the company insures all automobiles owned by the named insured and spouse" is only applicable to cases where the insured owns more than one vehicle, and if the defendant Bartel owned only one vehicle, the 1957 Nash Rambler, at the time the policy was issued, the automatic coverage did not extend to the 1953 Dodge.

The appellant argues that "To say that *one* automobile is the equivalent of *all* automobile*s* is to disregard the plain meaning of a contractual provision, and to mix singular and plural with indiscrimination."

The plaintiff cites Section 4293 of Appleman on Insurance, which reads as follows:

"The coverage extends to the new acquisition when it replaces the sole automobile owned by the insured, *when the insured owns a number of vehicles and all of them are insured with the company,* or when several of the vehicles owned by the insured are covered by the policy and the new acquisition replaces one already covered."

Plaintiff also cites Home Mutual Insurance Company v. Rose, 8 Cir., 150 F.2d 201.

This is the first time that this precise question has been presented to this Court. A number of other jurisdictions have ruled on this question. Dunmire Motor Co. v. Oregon Mutual Fire Insurance Company, 166 Or. 690, 114 P.2d 1005; Birch v. Harbor Insurance Company, 126 Cal.App.2d 714, 272 P.2d 784; Horace Mann Mutual Casualty Company v. Bell, D.C., 134 F. Supp. 307; Inland Mutual Insurance Co. v. Stallings, 4 Cir., 263 F.2d 852; and Home Mutual Insurance Company v. Rose, which the appellant relies on.

All the jurisdictions cited had before them the construction of an "automatic coverage clause" similar to the provision involved in this case. The construction of the automatic insurance clause which the appellant wishes to urge upon the court can not be found in any of the reported cases, including the case of Home Mutual Insurance Company v. Rose which the appellant has cited.

▮▮▮ In construing the terms of an automobile insurance policy, it must be kept in mind that the public has an interest in

having automobiles covered by liability insurance. Quaderer v. Integrity Mutual Ins. Co., 263 Minn. 383, 116 N.W.2d 605. It is also a well-settled rule of construction that any ambiguous terms of an insurance policy are to be construed in favor of the insured and against the insurer who is charged with having chosen the language of the policy. The purpose for the automatic insurance clause was to broaden the coverage and not to restrict it.

> "The 'automatic insurance' clause in standard automobile liability policies is intended to meet the necessity for maintaining coverage in the situation resulting from the recognized custom among insured owners of acquiring other cars by replacement and new purchases during the life of their policies." 7 Am.Jur.2d, Automobile Insurance, Section 100, p. 407.

■ The Oregon Supreme Court in an early case, Dunmire Motor Co. v. Oregon Mutual Fire Ins. Co., 166 Or. 690, 114 P.2d 1005, rejected the same argument as that urged by appellants and stated:

> "We note that the insurance afforded by the policy to 'each and every automobile covered thereunder and owned by the assured' was also to apply 'during the policy period to any other automobile which is acquired by the assured' during the term of the policy, subject to certain conditions, one of which reads thus: 'If the company covers all automobiles owned by the assured at the date of such delivery, the insurance shall be applicable to such other automobile.' The appellant contends that in order for the assured to have the benefit of the automatic coverage provision he must, under the condition just quoted, be the owner of more than one automobile and all his automobiles must be insured by the defendant, and that since White owned only one automobile at the time he acquired the Packard, the automatic cov-

erage did not extend to the Packard car.

> "It is our opinion that, taking the automatic coverage provision in its entirety, it was intended to apply to any other automobile acquired by the assured who owned one or more automobiles, provided that all the automobiles, whether one or more, then owned by him were insured by the defendant corporation. This construction is made obvious also when we consider the quoted clause in connection with another condition of the automatic coverage provision, to the effect that if all the automobiles owned by the assured are not covered by insurance in the defendant company, the automatic coverage does not apply except to an automobile that replaces one insured by the defendant."

In the case of Horace Mann Mutual Casualty Co. v. Bell (Ark.1955), 134 F.Supp. 307, the insured owned a 1950 Plymouth which was named in the policy. Subsequent to the issuance of the policy the insured purchased a 1952 Studebaker pickup on a conditional sales contract. The seller of the Studebaker had maintained comprehensive and collision insurance on the vehicle. The court held that the Studebaker was insured for liability coverage under the automatic insurance clause in the policy. The court went on to state that the only authority cited to the contrary was Appleman on Insurance and he cited no authority to support his theory, and in addition, the standard policy provisions have been changed since the publication of Appleman's volume in 1942.

The court in Inland Mutual Ins. Co. v. Stallings, 4 Cir.., 263 F.2d 852, rejected the same argument and held that the automatic insurance clause applied whether the insured owned one or more vehicles, stating: "No such distinction can be inferred from the wording of the policy. The same argument was rejected in Horace Mann Mutual

Casualty Company v. Bell, D.C.W.D.Ark. 1955, 134 F.Supp. 307. Home Mut. Ins. Co. of Iowa v. Rose, 8 Cir., 1945, 150 F.2d 201, relied on by Inland, is only dictum to the contrary."

It is difficult to understand how the case of Home Mutual Ins. Co. of Iowa v. Rose, supra, can even be cited as dictum to support the theory that the automatic insurance clause is only applicable to owners owning more than one automobile. The facts in that case were entirely different.

The insured operated two businesses with three trucks, each insured under a separate policy and with different conditions in each policy. One truck was insured without restrictions, one was restricted to use in the State of Colorado only, and the third was restricted to Colorado and to 50 miles in Nebraska. The insured had requested the insurance company to transfer the policy on the truck restricted to use in Colorado only, to a newly acquired truck without requesting additional coverage for use in Nebraska. The accident with the newly acquired truck occurred in the State of Nebraska. The insured contended that the policy on the truck that was insured for unrestricted use extended to this newly acquired truck, even though the separate policy on the newly acquired truck contained the restricted use clause. The court rejected the argument, holding that each vehicle was insured under a separate policy for specific risks, and therefore the automatic insurance clause was not applicable so as to extend coverage to a newly acquired vehicle. This case was decided in 1945, and although the wording of the insurance clause was similar to the present automatic insurance clause used in the standard automobile policies, it was construed by the court in reference to commercial vehicles.

There have been considerable changes in the field of automobile insurance since the year 1945, and the trend has been to extend and broaden the coverage rather than to restrict. But even in the Rose case the court stated that the "automatic insurance" clause in standard policies was intended to meet the necessity for maintaining continuous insurance on cars in the presence of the recognized custom among insured owners of acquiring other cars by replacement and new purchases during the life of their policies.

The Minnesota court in Quaderer v. Integrity Mutual Insurance Co., cited earlier, stated:

"The apparent purpose sought to be achieved by defendant in the sale of this policy was to insure plaintiff against all risks arising out of the operation of the automobile described in the policy and, in addtion, any automobile he acquired to replace it, or acquires as an added automobile where defendant is the insurer of all his family automobiles. The policy is obviously designed to meet the liability insurance needs of today's two-or-more car families who customarily trade in and replace family automobiles quite frequently. Surely it can also be said that this type of automatic insurance coverage was designed to enable insurance companies, such as defendant, to sell all of the automobile liability insurance needed by a two-car family."

In the Quaderer case the insured owned two automobiles but had a separate insurance policy on each from the same company, one policy for the family car and another policy on the car used primarily by his son who was under the age of 21. A third car was acquired for the son's use with the intention of replacing the one used by the son. However, while still in possession of the car that was to be replaced, the son had an accident with the third car. The court held that the policy which covered the son's car extended also to this third auto under the automatic insurance provision.

In the light of the authorities cited and the applicable rules, we conclude that the "automatic insurance clause" must be con-

strued to apply where the insured owns only one automobile.

Appellant has also raised the question of excessive damages in respect to the plaintiff Marie Adams. Under Rule 14(a) of the North Dakota Rules of Civil Procedure, the third party defendant may assert against the plaintiff any defenses which the third party plaintiff has to the plaintiff's claim.

■ The only defense asserted by the appellant was against the third party plaintiff. No defenses were asserted against the plaintiffs. Third party defendant may raise on appeal only such issues as properly arise out of any defenses which the third party asserted to the plaintiff's claim.

■ In this case the third party defendant did not assert any defenses against the plaintiff and therefore did not become a party to the action between the plaintiff and the defendant Leonard Bartel. A party on appeal may raise only such issues as were before the trial court.

For reasons stated herein, the judgment of the District Court is affirmed.

MORRIS, C. J., and TEIGEN and BURKE, JJ., concur.

STRUTZ, J., did not participate.

ERICKSTAD, J., deeming himself disqualified did not participate, ADAM GEFREH, District Judge, sitting in his stead.