LUCKETT, by Guardian *ad litem*, and others, Plaintiffs and Appellants, v. COWSER and others, Defendants: GREAT LAKES MUTUAL INSURANCE COMPANY, Defendant and Respondent. [Case No. 282.]

GILBERT, Plaintiff and Appellant, v. COWSER and others, Defendants: GREAT LAKES MUTUAL INSURANCE COMPANY, Defendant and Respondent. [Case No. 306.]

*Nos. 282, 306. Argued May 6, 1968.—Decided June 4, 1968.*
(Also reported in 159 N. W. 2d 94.)

226

For the appellants Janice Luckett and Lucille and Ollie Norman there were briefs by *Warshafsky, Rotter*

& *Tarnoff,* attorneys, and *Michael I. Tarnoff* of counsel, all of Milwaukee, and oral argument by *Michael I. Tarnoff.*

For the appellant Major Gilbert there was a brief and oral argument by *Marvin Resnick* of Milwaukee.

For the respondent there was a brief by *Frisch, Dudek, Banholzer & Slattery,* attorneys, and *Robert A. Slattery* of counsel, all of Milwaukee, and oral argument by *Robert A. Slattery.*

CONNOR T. HANSEN, J.   The question to be resolved is whether the insurance policy issued to Cowser by Great Lakes Mutual afforded coverage under the facts of this case.  The particular policy provision to be considered reads as follows:

"IV   *Automobile Defined, Trailers, Two or More Automobiles, Including Automatic Insurance.*

"(a)   *Automobile.* Except where stated to the contrary, the word 'automobile' means:

". . .

"(4)   *Newly Acquired Automobile*—an automobile, ownership of which is acquired by the named insured who is the owner of the described automobile, if the named insured notifies the company within thirty days following the date of its delivery to him, and *if either it replaces an automobile described in this policy* or *the company insures all automobiles owned by the named insured at such delivery date;* but the insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured has other valid and collectible insurance.  The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile." (Emphasis added.)

The 1955 Buick was purchased after the policy was issued and no question is raised as to notice.

We are of the opinion that the trial court correctly determined that the 1955 Buick was not a "replacement" vehicle within the terms of the "newly acquired automobile" policy provisions.

The trial court found that:

"Replacement occurs when the old automobile is disposed of and a new vehicle of equivalent use is substituted for the old automobile. The clear language of the above-quoted provision of the policy contemplates a replacement in fact."

The definition of "replacement" as utilized within the framework of a "newly acquired automobile" provision is one of first impression for this court. Hence a review of authorities is necessary. An analysis thereof reveals that whether one vehicle replaces another involves the consideration of several factors, such as: retention of, title to, and condition of replaced vehicle [1] and the intent of the insured as to the use of the newly acquired vehicle.[2] See 12 Couch, *Cyclopedia of Insurance Law* (2d ed.), pp. 254–258, secs. 45:209–45:214; 7 Blashfield, *Automobile Law and Practice* (3d ed.), pp. 663–669, sec. 316.5.

In the instant case it is clear that the 1955 Buick was not intended by the defendant Cowser to be a replacement. He not only had the 1959 Buick repaired, as he intended, but used it for a short period of time thereafter.

The record clearly reflects that the 1955 Buick was obviously intended as a temporary means of transporta-

[1] See: *Mitcham v. Travelers Indemnity Co.* (4th Cir. 1942), 127 Fed. 2d 27, 29, which found no replacement due to retained title, control and usability of "replaced" vehicle; *Nationwide Mut. Ins. Co. v. Fleming* (D. C. S. C. 1966), 257 Fed. Supp. 261, which found no replacement due to retention and serviceability of "replaced" vehicle; and *Yenowine v. State Farm Mut. Automobile Ins. Co.* (6th Cir. 1965), 342 Fed. 2d 957, certiorari denied, 382 U. S. 830, 86 Sup. Ct. 68, 15 L. Ed. 2d 74, which found no replacement where the retained vehicle was not incapable of further service.

[2] See: *Brescoll v. Nationwide Mut. Ins. Co.* (1961), 116 Ohio App. 537, 189 N. E. 2d 173 and *Filaseta v. Pennsylvania Threshermen & Farmers' Mut. Ins. Co.* (1967), 209 Pa. Super. 322, 228 Atl. 2d 18, which were jury verdict cases finding "replacement" as a matter of fact and which decisions tended to emphasize the intent of the insured.

tion. However, the temporary substitute provision of the policy in question is not applicable to the circumstances of this case because the specific provision of the policy provides that it shall be applicable only to "an auto not owned by the named insured." In the case now before us, the 1955 Buick was owned by defendant Cowser. *See Utilities Ins. Co. v. Wilson* (1952), 207 Okla. 574, 251 Pac. 2d 175.

The appellants contend, and we opine correctly so, that the 1955 Buick was insured under the alternative provision of the "newly acquired automobile" clause (known as the automatic insurance clause) which has heretofore been set forth in full and reads in part as follows: ". . . or the company insures all automobiles owned by the named insured at such delivery date; . . ."

The respondent insurer urges that the language of the automatic insurance clause applies to a situation in which the policy is one which provides fleet or blanket coverage, but the policy language under consideration does not in any manner so indicate.

". . . The language of the policy is to be construed in accordance with the principle that 'the test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would have understood them to mean.'" *Merchants Mut. Casualty Co. v. Lambert* (1940), 90 N. H. 507, 510, 11 Atl. 2d 361.

On the record now before us we cannot conclude that either the insurer intended to sell Cowser a fleet policy or that Cowser intended to purchase a fleet policy. Both parties knew he had but one automobile at the time he purchased the policy.

There appears to be no previous case involving this precise question in this state; however, there is considerable authority wherein it has been determined that clauses identical or similar to the clause now under con-

siMideration automatically afforded coverage to a newly acquired automobile even though the insured previously owned only one automobile. *Adams v. Bartel* (N. D. 1964), 129 N. W. 2d 755; *Dixie Auto Ins. Co. v. Goudy* (1964), 238 Ark. 432, 382 S. W. 2d 380; *Horace Mann Mut. Casualty Co. v. Bell* (D. C. Ark. 1955), 134 Fed. Supp. 307; *Inland Mut. Ins. Co. v. Stallings* (4th Cir. 1959), 263 Fed. 2d 852; *Dunmire Motor Co. v. Oregon Mut. Fire Ins. Co.* (1941), 166 Or. 690, 114 Pac. 2d 1005; *Carpenter v. Gasper* (1962), 116 Ohio App. 45, 186 N. E. 2d 481; 12 Couch, *Cyclopedia of Insurance Law* (2d ed.), p. 259, sec. 45:217; 7 Blashfield, *Automobile Law and Practice* (3d ed.), p. 662, sec. 316.4.

Such construction was initially and concisely explained in *Dunmire Motor Co. v. Oregon Mut. Fire Ins. Co., supra,* 166 Or. 698, 114 Pac. 2d 1008:

"It is our opinion that, taking the automatic coverage provision in its entirety, it was intended to apply to any other automobile acquired by the assured who owned one or more automobiles, provided that all the automobiles, whether one or more, then owned by him were insured by the defendant corporation. This construction is made obvious also when we consider the quoted clause in connection with another condition of the automatic coverage provision, to the effect that if all the automobiles owned by the assured are not covered by insurance in the defendant company, the automatic coverage does not apply except to an automobile that replaces one insured by the defendant."

We reach the conclusion that the automatic insurance clause applies to a single auto owner. Other jurisdictions, in making the same determination, have relied upon the following factors, which we deem to be significant.

1. The public has an interest in having automobiles covered by liability insurance. *Adams v. Bartel, supra,* at pages 757, 758. *See also Quaderer v. Integrity Mut. Ins. Co.* (1962), 263 Minn. 383, 116 N. W. 2d 605.

2. Ambiguous terms of an insurance policy are to be construed in favor of the insured and against the insurer who is charged with having chosen the language of the policy. *Adams v. Bartel, supra,* at page 758.

3. In construing a policy, a court must consider what a reasonable person in the position of the insured would have understood it to mean. *Carpenter v. Gasper, supra,* at page 484.

4. Insurance provisions governing the use of insured vehicles, just as other insurance provisions, are construed liberally in favor of the insured. *Horace Mann Mut. Casualty Co. v. Bell, supra,* at page 312.

Respondent's final argument relates to procedure. They urge that appellants should be precluded from advancing the argument relating to the alternative provision of the automatic insurance clause for the reason that it was not considered by the trial court and also because appellants did not move for a rehearing. The trial court requested briefs on this issue and the written opinion clearly reflects that the issue was considered although it was not passed upon. This is an appeal from a motion granting summary judgment. The issue was fully presented to the trial court and is properly before us on review.

*By the Court.*—Judgments reversed.