HARPER, Justice:
Appellee, as plaintiff, sued the United States Fidelity & Guaranty Company on a policy of comprehensive insurance for the loss of an International Harvester truck-tractor stolen from a lot of appellee. This case comes from the Circuit Court of Lauderdale County where judgment was entered on a jury verdict in favor of the plaintiff in the total amount of the purchase price of said truck-tractor.
McRae & Company, Inc. operates a liquified petroleum gas business in eastern Mississippi and western Alabama, and in the operation of its business uses some thirty-five or forty trucks and motor vehicles. McRae & Company, Inc. purchased insurance on its automobiles from United States Fidelity & Guaranty Company through an insurance agency in Meridian, Mississippi.
Appellee alleged that on July 8, 1969, a newly acquired truck was stolen from it and averred that this theft was covered under one of its policies issued by United States Fidelity & Guaranty Company. At the time of the alleged theft, all of ap-pellee’s vehicles were insured for liability under one policy, which vehicles were listed by type. Certain of its vehicles were insured for collision and comprehensive coverage under another policy wherein the vehicles were listed individually with some sort of indentification, such as motor number or serial number as well as the year and the make of each vehicle.
Appellant denied liability under the comprehensive insurance policy on the ground that the lost vehicle was not included in the policy of insurance and was not specifically added to the policy by endorsement. Appellee claims that the truck in question was covered by the policy under the endorsement to the comprehensive policy or in the alternative was covered by the automatic newly acquired clause.
The appellant assigns five separate errors which may be summarized in the assertion that it was entitled to a judgment because the language of both the endorsement and the automatic coverage in said policy is clear and unambiguous and excludes coverage of the truck-tractor. The comprehensive policy, also referred to as a physical damage policy, specifically pro *701 vides coverage for the automobiles described in the endorsement on February 7, 1969. At the time of this endorsement seven 1967, one 1968 and seven 1969 models were specifically described in the policy by model, name, serial number, cost and location. Premiums were calculated and charged for comprehensive coverage for the automobiles specifically described in the policy.
The Policy Change Endorsement in question, the effective date being February 7, 1969, reads, in part, as follows:
2. Effective 2-7-69, Comprehensive Coverage is provided on all 1969 Models and also on the 1969 Ford LTD, #8966Y154396.
3. Effective 2-24-69, Comprehensive Coverage is provided on all 1967 Models.
4. Effective 2-24-69, Comprehensive and $100.00 Deductible Collision is added on a 1968 Ford Galaxie “500” 4 Door, S#9782.
We are of the opinion that this language can apply only to the 1969 and other vehicles already listed in the policy to be covered by collision insurance and that the lost or stolen truck-tractor is not afforded coverage under the terms of this endorsement.
Appellee contends that the truck-tractor is included under the terms of the policy in the automatic insurance clause which is set forth in the policy as follows:
(4) NEWLY ACQUIRED AUTOMOBILE — an automobile, ownership of which is acquired by the Named Insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy, or t'he Company insures all automobiles owned by the Named Insured and such spouse on the date of its delivery * * * (Emphasis added).
The uncontradicted testimony in this case is to the effect that McRae & Company, Inc. selected certain of its vehicles for coverage under the terms of this policy, excluding others and that the truck-tractor in question was not a replacement vehicle.
The Court is of the opinion that where all of the automobiles owned by the insured are not covered by the policy in question, the automatic coverage provision which “insured all automobiles” is not applicable. Home Mut. Ins. Co. v. Rose, 150 F.2d 201 (8th CCA, Neb.1945).
We therefore hold that the terms of the policy of insurance in question are clear and unambiguous and that the truck-tractor stolen from the appellee was not afforded coverage under any provision of the policy of insurance. We therefore hold that the peremptory instruction requested by appellant at the close of the taking of testimony should have been granted.
Reversed and judgment rendered here for appellant.
ETHRIDGE, C. J., and RODGERS, BRADY and INZER, JJ., concur.