HARRY STOOPS *v.* FIRST AMERICAN FIRE INSURANCE COMPANY.*

(*Nashville.* December Term, 1929.)

Opinion filed January 20, 1930.

*Corpus Juris-Cyc References: Motor Vehicles, 42CJ, section 356, p. 790, n. 86; p. 791, n. 92; section 378, p. 802, n. 14.

SAM J. MCALLESTER, for complainant, appellee.

SIZER, CHAMBLISS & SIZER, for defendant, appellant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is an action by appellee on a contract of insurance covering loss and damage to an automobile from fire, theft and collision or upset. The automobile was wrecked in an upset. By an appraisal made pursuant to the terms of the insurance contract, it was found that the cash value of the automobile at the time of the accident was $2000, and that the "cost to repair or replace the damaged parts of the automobile with other of like kind and quality" would be $1100.

The insurer, appellant, admits its liability for $1100, the cost of repair and replacements, as found by the board of appraisers, but appellee claims an additional amount as depreciation in the value of his automobile resulting from the accident which repairs and replacements will not restore.

The cause was heard by the chancellor upon an agreed stipulation of facts, containing a stipulation that two of the three appraisers would have reported an additional sum for depreciation, over and above the cost of repairs and replacements, except for the fact that they understood that they were to find only the value of the automobile before the accident and the cost of repair, and therefore depreciation in the value of the car as the result of the accident was not taken into consideration in fixing appellee's loss and damage under the contract.

It was stipulated by the parties that a reference should be ordered to ascertain the amount of appellee's loss and damage, ''in the event the Court should hold that complainant (appellee) is entitled to recover under the policy anything more than the amount it would cost to repair or replace the damaged parts of the automobile with other of like kind and quality.'' The appeal is from the chancellor's decree ordering such reference.

█ The insurer's contention is that its liability is limited by one of the ''general conditions'' of the insurance contract, that its liability for loss or damage to the automobile insured ''shall in no event exceed the limit of liability, if any, stated in Paragraph C (actual cash value, less $50), *nor what it would then cost to repair or replace the automobile or parts thereof with other of like kind and quality.''*

The clause italicized is relied upon by the insurer as working the limitation of liability contended for. The clause is ambiguous and requires construction. The chancellor thought it repugnant to the "insuring clause" of the contract, and on that account held it unenforcible, under the authority of *Bean* v. *Insurance Company,* 111 Tenn., 186, and *Laurenzi* v. *Insurance Company,* 131 Tenn., 644.

But if, in its application to the facts of the cause before us, it can be given a reasonable construction in harmony with the other parts of the contract, it is our duty to adopt that construction, in order that the entire contract made by the parties for themselves may be enforced. *Laurenzi* v. *Insurance Company, supra,* wherein the court said:

". . . We must strive to give effect to all the provisions of the contract, and to enforce the actual meaning of the parties to it, as evidenced by all the language used within the four corners of the instrument. We are also at liberty to consider the purpose for which the contract was executed, where that purpose plainly and necessarily appears from a perusal of the whole paper. That construction will be adopted in the case of somewhat inconsistent provisions which, while giving some effect to all of them, will at the same time plainly tend to carry out the clear purpose of the agreement; that purpose which it is obvious all the parties thereto were cognizant of and intended by the agreement to further and to consummate."

Paragraph A, the first clause of the contract, provides that the company insures "the insured named herein, for the term herein specified, to an amount not exceeding the actual cash value of the property at the time any loss or damage occurs, nor, in any event, the limits of

liability, if any, herein specified, against direct loss or damage from the perils specifically insured against herein to the automobile herein described and the equipment usually attached thereto."

The perils insured against are enumerated in Paragraph C, called the schedule; and under the heading "limit of liability," the sum of $2500 is fixed as the limit of the insurance against fire and theft, while the printed words "actual cash value" is given as the limit of liability for collision or upset, subject to the deduction of $50. This schedule, Paragraph C, is, however, introduced by the clause: "The limit of this company's liability against each of such perils shall be as stated in the General Conditions of this policy, not exceeding, however, the limits stated in said Schedule." The "general conditions" contain the clause hereinabove quoted.

The primary purpose and intention manifested by the contract is to insure the owner of the automobile against direct loss and damage to its physical structure caused by the perils insured against, to an amount equal to, but not exceeding its value immediately before the accident resulting in its damage. The limitation of liability to which reference is made in Paragraph "A" is expressly stated as a limitation in "amount," and no reference is there made to a limitation in the kind or nature of the direct damage or loss insured against. So also the manifest purport and purpose of Paragraph "C" is to state the maximum sum or amount for which the insurer is bound.

The limitation of liability contained in the clause quoted from the "general conditions" of the contract is "the cost to repair or replace the automobile or parts thereof with other of like kind and quality." The al-

ternative conjunction "or," appearing twice in the clause, creates a double alternative; and the ambiguity or uncertainty of the limitation consists of its failure to state the circumstances under which the cost to repair or replace the automobile is the measure or limit of the insurance, and the circumstances under which the limit is the cost to repair or replace parts only. And like uncertainty may exist in the application of the contract to a particular loss, whether the cost of replacement or only of repair is the proper measure of the insured's rights.

Construing the alternative and ambiguous limitation of liability in the light of the primary purpose and object of the contract, to insure the owner against direct loss and damage to his automobile from the perils insured against, we do not discover therein any purpose or intent to deny to the insured any part of the protection elsewhere provided. We think the true meaning is that the alternative limitations contained therein are effective only when to apply them will afford the insured the full protection contemplated. *Federal Insurance Co.* v. *Hiter*, 164 Ky., 743, 176 S. W., 210, L. R. A., 1915E, 575. If the repair or replacement of parts will restore the damaged automobile to substantially its condition at the time it was damaged, then the cost of such repair or replacement is the limit of the insurer's liability; but if the damage is so extensive that repair or replacement of parts will not restore the automobile, then the cost to replace the automobile is the limit of liability. The "cost to replace the automobile" will ordinarily be the cash value of the automobile at the time of the damage or loss, and the limitation of liability in the "general conditions" is not necessarily inconsistent with the

limitation of liability stated in Paragraph "C" of the contract.

In *Automobile Underwriters of America* v. *Radford*, 293 S. W., 869, a contract of insurance, containing the same limitation of liability as in the contract before us, was construed by the Court of Civil Appeals of Texas. An issue of fact submitted to the jury was: "Could the damaged parts of the automobile in suit be replaced with others of like kind and quality, *so as to place it in substantially as good condition as it was before the fire?*" The insurer objected to the inclusion of the words we have italicized, insisting that the limitation of liability specially pleaded did not authorize their inclusion in the issue. The court, construing the contract, said:

"Viewed in the light most favorable to the insured, which the language of the policy should be where there is any doubt or uncertainty surrounding it, the court did not err in placing such interpretation upon the language of the policy on which appellant based its defense; for unless the automobile, when repaired or replaced, or its damaged parts repaired or replaced, would have been substantially restored to as good condition as it was in before the fire, it could not be said that same had been 'repaired' or 'replaced.' Therefore, section "E" fixed as the measure of liability what it would cost to repair or replace the automobile, or such parts thereof as had been damaged with other of like kind and quality, so as to restore it as an automobile to substantially as good condition as it was in before the fire. *Maryland Motor Car Ins. Co.* v. *Smith* (Tex. Civ. App.), 254 S. W., 526; *C., R. I. & G. Ry. Co.* v. *Zumwalt* (Tex. Cr. App.), 239 S. W., 913; *Tex. Moline Plow Co.* v. *Niagara Fire. Ins. Co.,* 39 Tex. Civ. App., 168, 87 S. W., 192."

This is substantially the same construction we have given to the same contractual provisions; and this construction is supported by the holdings in *Federal Insurance Company* v. *Hiter,* 164 Ky., 743, 176 S. W., 210, L. R. A., 1915E, 575; *Edwards* v. *Maryland Motor Car Insurance Co.,* 197 N. Y. Supp., 460; *Corbett* v. *Insurance Company* (Ga.), 134 S. E., 338.

We do not think the case of *Sewing Machine Company* v. *Insurance Company,* 201 Penn., 645, is in conflict with our conclusions herein. The peculiar facts of that case called for the application of the contract as there made, and resulted in an award to the insured in the full measure of his loss and damage. Appellant cites *Haussler* v. *Indemnity Company of America,* 227 Ill. App., 504. Under a contract of insurance containing a somewhat similar limitation of liability as in the contract before us, the court held that the "correct measure of damages under the contract is the cost of suitable repair or replacement of the parts injured or destroyed, not to exceed in amount the actual cash value of the automobile at the time of such injury or destruction." The case is not in point here for the court does not define the meaning of the phrase "suitable repair or replacement" as used in the quoted sentence. If the phrase is given the same meaning as in *Automobile Underwriters of America* v. *Radford, supra,* the case does not support the appellant's position.

The whole point of the cause before us lies in the insurer's contention that the limit of the insurance is the cost of repair and replacement of damaged parts, even though such repairs and replacements do not restore the automobile to substantially as good condition as it was in before it was damaged. We hold that the contract

does not impose the cost of repairs and replacement of parts as a limitation of the insurance, unless the repairs and replacements restore the automobile to its condition before it was damaged.

The effect of the chancellor's decree herein is that the cost of repairs and replacement, reported by the appraisers as $1100, is not the full measure of the insurance to which appellee is entitled, unless such repairs and replacements will restore the value possessed by the automobile at the date of the accident. In this we concur, and the decree of the chancellor will be affirmed. The cause will be remanded for further proceedings as ordered by the chancellor.