WEEMS *v.* SERVICE FIRE INS. CO. OF NEW YORK.

(*Nashville*, December Term, 1943.)

Opinion filed March 4, 1944.

(1)

W. M. LEECH, of Charlotte, for plaintiff in error.

HUME, HOWARD, DAVIS & GALE, of Nashville, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal involves the single question of the amount legally to be recovered by the insured from the insurer on an automobile fire and theft policy since the imposition of O. P. A. ceiling prices on automobile tires and tubes and Federal Rationing Restrictions on the purchase and sale of those commodities.

In the Circuit Court of Dickson County, Joe B. Weems, as plaintiff, sued the Service Fire Insurance Company of

New York, defendant, for failure and refusal to pay the amount of loss he alleged he had suffered by reason of the theft of his automobile. It is admitted that the plaintiff had a policy of insurance with defendant company in force at the time of the theft of the automobile and that the body of the car in a damaged condition and without wheels, tires or tubes, was recovered a few days after the theft. The only evidence of value is that the car, as recovered, was appraised at $350 and the cost of the car and the maximum liability of the defendant under the policy was $1,052. There was no testimony of any less value on account of depreciation by use.

Upon receipt of notice of the theft from plaintiff, and subsequent recovery of the car, the defendant, pursuing its rights under the policy, elected to turn over the salvaged car to the plaintiff, and then in an attempted settlement of the claim, tendered him the amount estimated as necessary to make the repairs; $82.05 plus the O. P. A. ceiling price for five new tires and tubes, $99.45, or a total of $181.50. The case was heard in the Circuit Court without a jury, since it was admitted that the only question involved was that of a correct construction of the policy, and the trial judge rendered judgment for the plaintiff in the sum of $181.50.

After motion for new trial and motion in arrest of judgment had been made and overruled, the plaintiff perfected an appeal to the Court of Appeals. That court modified the judgment by increasing it to $727, that being the difference between the appraised value of the car as recovered, and the face of the policy or the cost of the car, which was the evidence of the value of the car at the time of the theft.

Defendant filed petition for *certiorari*, which we granted, and the case has been submitted on briefs.

The construction of the following clause of the policy is the sole matter in controversy, and the basis of the assignments of error:

"Limitation of Liability: No Abandonment: The company's liability for loss shall not exceed the cash value of the insured property at time of loss, nor what it would then cost to repair or replace either the insured property or any part thereof, with other of like kind or quality, with proper deduction for depreciation from any cause except when occurring after theft and prior to recovery thereof, and shall in no event exceed the limitation of liability stated in the declarations.

"It shall be optional with the company to take any part or all of the insured property at the agreed or appraised value but there may be no abandonment thereof to the company. The company shall have the right to return any stolen property, with compensation for resultant damage thereto, at any time before the loss is paid."

As we have stated, the defendant has exercised the option in the last paragraph by returning the stolen property and tendering the amount it deems to be compensation for the damage resultant to the car as recovered.

The facts present a question of first impression in this State. Neither plaintiff nor defendant has cited any case exactly in point, either from the appellate courts of this or other jurisdiction. The foregoing clause of the policy, however, as stated by defendant in petition for *certiorari*, is "a standard clause of a standard policy." As such it has been frequently construed.

In permitting recovery on a policy which had a Limitation of Liability Clause which is almost identical with the one before us, this Court said:

"If the repair or replacement of parts will restore the damaged automobile to substantially its condition at the time it was damaged, then the cost of such repair or replacement is the limit of the insurer's liability; but, if the damage is so extensive that repair or replacement of parts will not restore the automobile, then the cost to replace the automobile is the limit of liability. The 'cost to replace the automobile' will ordinarily be the cash value of the automobile at the time of the damage or loss, and the limitation of liability in the 'general conditions' is not necessarily inconsistent with the limitation of liability stated in paragraph C of the contract . . .

"We hold that the contract does not impose the cost of repairs and replacement of parts as a limitation of the insurance, *unless the repairs and replacements restore the automobile to its condition before it was damaged.*" (Emphasis ours.) *Stoops* v. *First American Fire Insurance Co.*, 160 Tenn., 239, 244, 245, 246, 247; 22 S. W. (2d) 1038, 1039.

"This conclusion is no way affected by the clause limiting liability to what it would then cost to repair or replace the automobile or parts thereof with other of like kind and quality. Reasonably construed, this clause obligates the company to the replacement of the automobile or its parts with others of identical value. Further than this, the clause giving the company this option is a clause for the company's benefit. The company, as a condition to exercising its option, must compensate for all physical damage, regardless of the limits of the policy. If this is impracticable or unreasonably expensive, the company

has left its other option, which is to keep the car *and to pay the appraised value when stolen.*'' (Emphasis ours.) *Housner* v. *Baltimore-American Ins. Co.*, 205 Wis., 23, 236 N. W., 546, 548.

The effect of these holdings is that on a policy of insurance such as that before us and with limitation of liability as stated, the duty of the insurer after loss, is to put the insured in the same situation with regard to his automobile as the insured was before the loss occurred. If the *insurer* cannot do this by pursuing the replacement and repair provision of the policy, it must do so by paying the cost of the automobile (*Stoops* v. *Fire Insurance Co., supra*) less the fair value of the remaining or recovered parts. In this case, to prevent the defendant from carrying out its agreement to ''repair and replace,'' the Federal Rationing Restrictions intervened. This presents a situation very similar, and in reason identical, with the rule that is universally recognized, that where a building is damaged by fire and the law forbids its repair, the insurance company must pay the difference between the appraised value of the salvage and the appraised value of the building at the time of the fire. *Midwood Sanatorium* v. *Firemen's Fund Ins. Co.*, 261 N. Y., 381, 185 N. E., 674.

The other assignments are so inseparably connected with the defendant's main contention on the measure of liability that we find it unnecessary to consider them separately. They are effectually disposed of by what we have already said. We think the Court of Appeals reached the correct result and that judgment is affirmed for the reasons stated.

The defendant will pay the costs. All concur.