Lynwood B. HENDRY, Plaintiff-Appellee,

v.

**UNITED SERVICES AUTOMOBILE AS-
SOCIATION, Defendant-Appellant.**

Court of Appeals of Tennessee,
Western Section, Sitting at Jackson.

March 12, 1981.

Permission to Appeal Denied by
Supreme Court July 13, 1981.

Prince C. Chambliss, Memphis, for de-
fendant-appellant.

Keith V. Moore, Memphis, for plaintiff-
appellee.

TOMLIN, Judge.

This is an appeal from the Chancery
Court of Shelby County, Tennessee. It is
an action brought by an insured against its
insuror for loss sustained by the insured
under the collision coverage provisions of an
automobile insurance policy. For reasons
hereinafter set forth, this Court is of the
opinion that this case should be remanded
to the trial court for further action consist-
ent with the holding herein.

The parties hereto will be referred to in
their posture as "insured" and "insuror."
The insuror had issued a policy of insurance
covering a 1977 Buick LeSabre automobile
belonging to the insured, which, according
to the allegations of the complaint, was
rendered a total loss by virtue of a one-car
accident that occurred on the 31st day of
August, 1977. The insured alleged that the
insuror had not timely paid the claim and
sought relief in the Chancery Court of Shel-
by County, seeking in his prayer "a judg-
ment against the defendant for such com-
pensation as he shall be entitled to under
the terms of the policy..." In its answer,
the insuror alleged, among other things,
that "it has fully complied with the terms
and provisions of said insurance policy;
that it has offered to pay the plaintiff in
full for the amount of plaintiff's claim un-

der said policy..." The quoted language from the complaint and answer will be made material later on in this opinion.

Subsequently, the plaintiff moved for an order of reference to the master for the determination of: "the amount of damage to plaintiff's automobile caused by the accident of August 31, 1977."

The order of reference was entered by consent, whereupon the master below proceeded to take proof for the determination of the singular issue assigned to him. At what turned out to be the first of two hearings, the master heard witnesses presented on behalf of the defendant, as well as testimony from the insured himself. A report was then filed by the master, noting that "the master finds that the amount of damage to plaintiff's automobile is $6,559.07." Objections filed by the insuror to this report were sustained on the basis that the master relied upon hearsay evidence, and a further reference was made to the master for the limited purpose of "allowing the plaintiff to produce direct testimony to support the hearsay proof heretofore relied upon by the master."

This second hearing was had and a second report was filed by the master, noting at that time that competent proof was adduced to confirm that the damage to the plaintiff's automobile was as previously found, the master again stating that "the damage to the plaintiff was $6,559.07." Without making any findings of his own or taking any further proof, the chancellor entered judgment on the pleadings for the plaintiff-insured in the amount of $6,559.07.

Prior to the entering of said judgment, the insuror again filed objections to the report of the master, but they were overruled.

This suit has as its basis the recovery of a loss compensated under the collision coverage provisions of an automobile insurance policy. The insured sought compensation due it "under the terms and provisions of the policy." The insuror insists it has fully paid the plaintiff-insured, claiming to have "fully complied with the terms and provisions of said insurance policy." Yet neither the insured nor the insuror presented the policy in evidence before the court for its consideration of the terms and provisions so that the court could clearly and accurately determine the ultimate liability of the defendant to the plaintiff. Whereas a reference could readily have been had to the master to determine values, etc., nonetheless, it was for the court to determine the amount of the plaintiff's damages.

The basic responsibility of the trial court in cases such as this is clearly stated in Section 1 of a thorough annotation found at 43 A.L.R.2d 327, entitled "Measure of recovery by insured under automobile collision insurance policy":

(a) . . .

The measure of recovery by the insured comes to the forefront in those cases in which it is recognized that the insured is entitled to some recovery against the insurance company, the question being, what may be recovered. Id. at 328.

.　　.　　.　　.　　.

(b) In arriving at the correct measure of damages in an action to recover under an automobile collision policy it must be kept in mind that the action is not a suit for damages but one on the contract of insurance, and that therefore the measure of damages followed in a suit based upon an alleged tort is not the correct rule to be applied, but the language of the contract sued upon must prevail, and such language, so far as applicable to the question, must determine the rule as to the measure of damages to be followed. (citation).

While there are many cases in which the construction to be placed upon particular provisions of the policy was emphasized by the court in determining the measure of recovery, there is also a surprisingly large number of cases in which the court reached its decision without discussion of the terms of the policy, in a few instances not indicating the policy provisions and in many others setting out the terms but not discussing them and apparently basing decision in large part on the particu-

lar circumstances present. This may account in part for the fact that, as shown in subsequent sections, the measure of damages is not always the same despite similarity of provisions in the respective policies. Id. at 329.

.    .    .    .    .

■ The insured, the appellee here, insists that because of the long-established rule to the effect that where there is a concurrence of the chancellor and the master as to findings of fact, if there is any material evidence to support those findings, this court cannot in any way disturb them. Tenn.Code Ann. secs. 27-1-113, -3-103 (1980); *Hopkins v. First Tennessee Nat. Bank,* 560 S.W.2d 916 (Tenn.App.1977), *cert. denied; Maple Manor Hotel, Inc. v. Metropolitan Government of Nashville and Davidson County,* 543 S.W.2d 593 (Tenn. App.1975), *cert. denied.* We do not quarrel with this long-established rule, but by the same token, if the rule has no application, or if the findings made by the master were not made in accordance with the law of this state, then, in that event, we feel it is our responsibility to rectify any wrongs that were done.

■ From a review of the evidence presented to the master and from an examination of the master's findings, it is clear to this Court that what the master found was not the "damages to the plaintiff's automobile on August 31, 1977," but in reality what was the fair-market value of the plaintiff's automobile immediately before the collision. From this point on, this finding, erroneously made, was equated to the damages to which the insured was entitled under the policy. This is not the same, in our opinion.

■ Furthermore, unless the language of the policy is clearly otherwise, it having been testified to without contradiction by an agent of the insuror that the measure of the insured's loss was the "actual cash value" of insured's vehicle at the time of the collision, we believe that Tennessee aligns itself with the majority of states on this issue, and that the proper measure of recovery under an automobile collision insurance policy which limits the liability of the insu-

ror to the "actual cash value" is the difference in value before the accident and after the accident, less any amount set forth in the "deductible" clause. Annot., 43 A.L. R.2d 327, 346, A.L.R. Later Case Service Annot., 43 A.L.R.2d 327–351, pp. 464–65. See, 6 Appleman, Insurance Law and Practice sec. 3882 (Rev.Vol.1972).

That Tennessee is in accord with the majority rule on this question is based first upon the case of *Weems v. Service Fire Insurance Co.,* 181 Tenn. 1, 178 S.W.2d 377 (1944). This case involved a suit on an automobile fire and theft policy. The car in question had been stolen and was recovered in a few days in a damaged condition, without wheels, tires and tubes. Our Supreme Court held that under such a policy, if the insuror could not put the insured in the same position as he was before the theft, in accordance with the "replacement and repair" provisions of the policy, then the insuror, in order to make the insured "whole," must pay the difference between the appraised value of the car as recovered and its value at the time it was stolen.

The *Weems* case was cited with approval in a case almost in point, that being *Commercial Credit Corp. v. Monroe,* 38 Tenn. App. 596, 277 S.W.2d 423 (1955), cert. denied. This was a suit under the theft coverage of an insurance policy for loss resulting from a theft of the insured's vehicle. Subsequent to the theft, the insured's vehicle was discovered in another state and returned to this jurisdiction. During the course of the litigation, it having been determined that the vehicle had been damaged in the theft, or subsequent to it, the court ordered the damaged automobile sold for salvage. Following the "before and after" rule, it was held that the insuror was obligated to pay to the insured an amount determined by subtracting from the fair-market value of the insured's automobile at the time of the theft the amount the vehicle brought at salvage.

This clearly indicates to us that unless there are policy provisions to the contrary, in an "actual cash value" situation such as the defendant's proof seems to have established, this is the rule that should be followed.

In the case at bar, the court below has determined only one element—the value of the insured's car at the time of the loss. This Court concurs with that determination and affirms and adopts the finding of the court below as to that one element. However, as already noted, neither party to this lawsuit produced the policy in evidence. For a full and complete determination of this case this is necessary. There must be a determination as to the contractual liability of the defendant under its policy. To that end there needs to be taken proof as to the amount of the deductible clause, as well as proof as to the value of the Buick automobile after the accident. It will also be necessary for the trial court to determine salvage rights and liability for storage charges on the wrecked vehicle. At any rate, the plaintiff should receive the full benefits afforded to him under his contract, and the insuror-defendant should receive any and all credits afforded it by the same contract.

Accordingly, we reverse the decree of the chancellor below and remand this case to the Chancery Court of Shelby Court for a rehearing on the unresolved issues, as we have outlined above. The costs of the appeal are taxed to the appellant.

MATHERNE and NEARN, JJ., concur.