IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 23, 2002 Session

**BETTY BLACK AND BARRY E. GOINS, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

**Direct Appeal from the Circuit Court for Washington County**
**No. 20932      Hon. John K. Byers, Senior Judge**

**FILED NOVEMBER 6, 2002**

**No. E2002-00206-COA-R3-CV**

In action for breach of insurance contract, the Trial Court granted Summary Judgment on the ground insurance company had properly satisfied all claims under plaintiffs' policies. Plaintiffs have appealed. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Bruce D. Fox, Clinton, Tennessee, C. Neal Pope, R. Timothy Morrison, Michael L. McGlamry, Wade H. Tomlinson, Atlanta, Georgia, Thomas C. Jessee, Johnson City, Tennessee, and W. Gordon Ball, Knoxville, Tennessee, for Appellants.

Stephen G. Anderson, Knoxville, Tennessee, for Appellee.

**OPINION**

        In this action for breach of contract, the Trial Court granted defendant summary judgment and plaintiffs have appealed.

        Plaintiffs had policies of insurance with defendant and were involved in automobile accidents which resulted in damage to their insured vehicles. Defendant, in adjusting the claims pursuant to the policy, paid the body shop estimate of repairs to plaintiffs, and neither plaintiff was "dissatisfied with the quality of the repairs". Plaintiffs then brought this action for breach of

contract, claiming their vehicles had been diminished in value as a result of the accident and repairs. Plaintiffs offered evidence that their vehicles had, in fact, been diminished in value, while defendant offered evidence that there had been no diminution.

The insurance policies at issue contain a section dealing specifically with coverage for physical damage, and define a loss as "each direct and accidental loss of or damage to . . . your car." The policies state that defendant will pay for "loss to your car . . . but only for the amount of each such loss in excess of the deductible amount." The policies then have a subsection entitled "Limit of Liability" which states:

The limit of our liability for loss to property or any part of it is the lower of:

1.      the actual cash value; or
2.      the cost of repair or replacement.

Actual cash value is determined by the market value, age and condition at the time the loss occurred. Any deductible amount that applies is then subtracted.

The policy then describes how the loss may be paid under certain circumstances. The Trial Court, in granting summary judgment, determined that the policy language was unambiguous, which provided that the defendant's liability would be limited to the actual cash value or cost of repair/replacement. Essentially, the Court held that plaintiffs had no right to recover any diminution in value in addition to the cost of repair.

The issue of the scope of coverage and/or construction of an insurance contract is a question of law, and the Trial Court's decision granting summary judgment is not entitled to a presumption of correctness on appeal. *Standard Fire Ins. Co. v. Chester O'Donley*, 972 S.W.2d 1 (Tenn. Ct. App. 1998).

It is the duty of the Court to interpret an insurance policy as written and give to the policy's terms their natural and ordinary meaning. Insurance policies are subject to the same rules of construction that are used to interpret other type of contracts and courts must give effect to provisions in an insurance policy where the terms are clear and the intent is certain. *See Merrimack Mutual Fire Ins. Co., v. Batts,* 59 S.W.3d 142 (Tenn. Ct. App. 2001). *Also see, Gouge v. Ryan*, 1 S.W.3d 663-665 (Tenn. Ct. App. Eastern Section 1999). But where the contractual writing is not plain and unambiguous, extrinsic evidence may be considered in order that the trier of fact may determine the actual intent of the parties to the contract. *See in re: Estate of Espey,* 729 S.W.2d 99 (Tenn. Ct. App. 1986).

We agree with the Trial Court, that the quoted limit of liability provision in defendant's policies is not ambiguous. This conclusion is reinforced by the opinions of courts in numerous other jurisdictions who have considered the same or similar policy provisions, and concluded there was no ambiguity in rejecting plaintiffs' theory of recovery. *See Wildin v. Amer.*

*Camily Mut. Ins. Co.,* 638 N.W.2d 87 (Wis. Ct. App. 2001); *Fishel v. Financial Indemn. Co.*, No. 99 2 08051 9 (Wash. Super. Ct. Dec. 1, 2000); *Carlton v. Trinity Univ. Ins. Co.*, 32 S.W.3d 454 (Tex. Civ. App. 2000) (review denied Apr. 12 2001); *Smither v. Progressive County Mut. Ins. Co.*, 2002 WL 730535 (Tex. Civ. App. Apr. 25, 2002); *Kent v. Cincinnati Ins. Co.*, 2001 WL 1566969 (Ohio Ct. App. Dec. 10, 2001); *Camden v. State Farm Mut. Automobile Ins. Co.*, 66 S.W.3d 78 (Mo. Ct. App. 2001); *Lupo v. Shelter Mut. Ins. Co.*, 70 S.W.3d 16 (Mo. Ct. App. 2002); *Spellman v. Sentry Ins.*, 66 S.W.3d 74 (Mo. Ct. App. 2001); *O-Brien v. Progressive Northern Ins. Co.*, 785 A.2d 281 (Del. 2001); *Pritchett v. State Farm Mut. Ins. Co.*, 2002 WL 254007 (Ala. Civ. App. Feb. 22, 2002), *cert. denied,* No. 1011129 (Ala. May 17, 2002); *Unigard Ins. Co. of Seattle v. Wish*, 496 S.W.2d 392 (Ark. 1973); *Siegle v. Progressive Consumers Ins. Co.*, ___ So. 2d. ___, 2002 WL 1029196 (Fla. May 23, 2002); *General Accident Fire & Life Assurance Corp. v. Judd*, 400 S.W.2d 685 (Ky. 1966); *Manguna v. Pudential Property & Casualty Ins. Co.*, 276 F.3d 720 (5th Cir. 2002); *Townsend v. State Farm Mut. Automobile Ins. Co.,* 793 So.2d 473 (La. Ct. App. Aug. 22, 2001), *writ denied*, 804 So.2d 635 (La. Dec. 14, 2001); *Campbell v. Markel American Ins. Co.*, 2001 La. App. LEXIS 1967 (La. Ct. App. Sept. 21, 2001); *Carter v. State Farm Mut. Auto. Ins. Co.*, 87 N.W.2d 105 (Mich. 1957); *Riley v. National Auto Ins. Co.*, 77 N.W. 241 (Neb. 1956); *Bickel v. Nationwide Mut. Ins. Co.*, 143 S.E.2d 903 (Va. 1965); *Stucker v. Travelers Indem. Co.,* 84 N.W.2d 566 (S.D. 1957).

However, Plaintiffs strenuously argue that "Tennessee law is completely different, unlike any of the cases . . . from other jurisdictions, the rule of law established in Tennessee has developed consistently and from an unbroken line of cases dating back more than 72 years". They contend that while the wording of the policy itself may not "afford coverage for diminished value" a line of cases in Tennessee established coverage for diminished value and becomes a part of the insurance contracts covering motor vehicles in this state.

A careful analysis of the cases relied upon by plaintiffs, does not establish this premise as a matter of law. Plaintiffs cite as seminal authority for their position *Stoops v. First Amer. Fire Ins. Co.*, 22 S.W.2d 1038 (Tenn. 1930). The policy language in *Stoops*, unlike the language in the policies before us, was held to be ambiguous and the Court construed the policy in favor of the insured. The next case relied upon by plaintiffs is *Weems v. Service Fire Ins. Co. of NY*, 178 S.W.2d 377 (Tenn. 1944). The *Weems* Court held the disputed language in that case as "almost identical" to the *Stoops* policy and construed the policy against the insurance company. The subsequent cases cited by plaintiffs, i.e., *Mason v. Tenn. Farmers Mutual*, 640 S.W.2d 561 (Tenn. Ct. App. 1982), and *Senter v. Tenn. Farmers Mutual Ins. Co.*, 702 S.W.2d 175 (Tenn. Ct. App. 1985), are not authority for holding the language in the policies before us is ambiguous, nor do they establish diminution of value as a doctrine to be applied by Tennessee courts to all motor vehicle policies.

Plaintiffs have cited a few cases from other jurisdictions, which as a matter of law construe a policy of insurance against the insurer without first finding the policy language ambiguous. *See e.g., State Farm Mut. Automobile Ins. Co. v. Mabry*, 556 S.E.2d 114 (Ga. 2001). As we have noted, this rule does not apply in Tennessee until the Court determines that the wording

of the policy is ambiguous. These holdings are consistent with *Stoops*, but as we have also noted, *Stoops* found the policy language to be ambiguous before construing the policy against the insurance company.

Under Tennessee law, policies of insurance are treated like other contracts. The plain and ordinary meaning is given to the terms of the policy to establish the intent of the parties, and unless and until the language of the policy itself is determined to be ambiguous, the court will not construe the policy against the insurer in favor of the insured.

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the appellants.

_____
HERSCHEL PICKENS FRANKS, J.